**COLLETON REGIONAL HOSPITAL, Plaintiff,**

v.

**MRS MEDICAL REVIEW SYSTEMS, INC., Georgia–Pacific Corporation, John Hancock Mutual Insurance Company, Sandoz Chemicals, Inc., and Fringe Benefit Review, Inc., Defendants.**

**GREENVILLE HOSPITAL SYSTEM, Plaintiff,**

v.

**MRS MEDICAL REVIEW SYSTEMS, INC., Spartan Express, Fringe Benefit Review, Inc., Central Transport, Inc., Mohawk Industries, Inc., Fieldcrest Cannon, Inc., Bigelow Sanford, and Old Dominion Freight Line, Inc., Defendants.**

**C.A. Nos. 2:94–749–22 and 6:93–3254–22.**

United States District Court, D. South Carolina, Charleston and Greenville Divisions.

Oct. 28, 1994.

---

See also 866 F.Supp. 891.

M. Annette Roney, Charleston, SC, for plaintiffs.

J. Marshall Allen and David S. Cox, Charleston, SC, for defendants.

## ORDER

CURRIE, District Judge.

These actions arise from the review and adjustment of Plaintiffs' bills by Defendant MRS Medical Review Systems, Inc. ("MRS"). Jurisdiction is based upon the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). This matter is before the court on the motion to dismiss of MRS. The court has reviewed the record and heard oral argument. For reasons discussed below, the court concludes that MRS is not an ERISA fiduciary and that ERISA does not provide for equitable relief against a nonfiduciary who knowingly participates in a fiduciary's breach of duty. Accordingly, the motion of MRS is granted.

## I. BACKGROUND

### A. PARTIES

Plaintiffs are South Carolina corporations operating hospitals in South Carolina. Amended Complaint at ¶¶ 1, 2. These hospitals provide medical and hospital services to patients including participants and beneficiaries ("insureds") of various employers' self-funded employee benefit plans. Amended Complaint at ¶¶ 15–17, 19. Some of these various employers include Defendants Georgia–Pacific Corporation, Sandoz Chemicals, Inc., Spartan Express, Central Transport, Inc., Mohawk Industries, Inc., Bigelow Sanford, and Old Dominion Freight Line, Inc. Amended Complaint at ¶¶ 4, 6, 8–10, 12, 13, 16, 17, 19. Defendants John Hancock Mutual Insurance Company, Fringe Benefit Review, Inc., and Fieldcrest Cannon, Inc. are the plan administrators of the plans under which the insureds were covered. Amended Complaint at ¶¶ 5, 7, 11, 16, 18, 20. MRS, a Georgia corporation with its principal place of business in Georgia, is a utilization review company. MRS reviews claims submitted to employee benefit plans retrospectively, allegedly to determine whether the medical charges are reasonable and customary. Amended Complaint at ¶ 3.

### B. PROCEDURAL HISTORY

Each Plaintiff[1] originally brought an action, under diversity jurisdiction, against only MRS alleging state law causes of action for tortious interference with contracts, defamation, violation of the South Carolina Unfair Trade Practices Act, bad faith refusal to pay claims, and improper claims practices. Plaintiffs' complaints were identical except for the identity of the plaintiff. MRS filed identical motions to dismiss in each action. The actions were consolidated with the consent of all parties pursuant to Fed.R.Civ.P. 42(a).

After a hearing on the motion, the court issued an order ruling that ERISA preempted Plaintiffs' state law causes of action. Instead of dismissing the complaints, however, the court granted Plaintiffs leave to amend to attempt to state causes of action for equitable relief under ERISA and to state causes of action against plan sponsors or any other fiduciaries of the various plans. On July 18, 1994, Plaintiffs filed their amended complaint.

### C. PLAINTIFF'S CAUSES OF ACTION

Plaintiffs assert three causes of action. The first two causes of action, breach of fiduciary duties in violation of 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1106, are against all Defendants. The third cause of action, knowingly participating in a breach of fiduciary duty under ERISA, is solely against MRS.

## II. MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Schatz v. Rosenberg,* 943 F.2d 485, 489 (4th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1475, 117 L.Ed.2d 619 (1992). When reviewing a motion to dismiss it is inappropriate for a court to rely upon facts

---

1. Originally three hospitals brought suit against MRS. One hospital, the Regional Medical Center of Orangeburg and Calhoun Counties, however, has settled its case and is no longer involved in this litigation.

outside of the complaint. The court's inquiry is limited to whether Plaintiffs' allegations constitute " 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir.) (quoting Fed.R.Civ.P. 8(a)(2)), *cert. denied*, 439 U.S. 837, 99 S.Ct. 121, 58 L.Ed.2d 133 (1978). In deciding a Rule 12(b)(6) motion to dismiss a court should not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir), *cert. denied*, —— U.S. ——, 114 S.Ct. 93, 126 L.Ed.2d 60 (1993). The court must view the facts in the light most favorable to the non-moving party in determining whether a case should be dismissed. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Martin*, 980 F.2d at 952.

### III. PLAINTIFFS' ALLEGATIONS REGARDING MRS

On various occasions, patients who belonged to employee benefit plans were admitted to one of Plaintiffs' hospitals for medical treatment. Amended Complaint at ¶¶ 15–17, 19. They assigned their rights under their plans to the Plaintiff who provided them with medical treatment. Amended Complaint at ¶ 21. The patients incurred medical bills and expenses for treatment for which Plaintiffs submitted statements to the plan sponsors or administrators of the various employee benefit plans for payment. Amended Complaint at ¶ 22.

MRS provided adjustment services and legal advice to the plan sponsors or administrators. Amended Complaint at ¶ 3. MRS would review the statements submitted by Plaintiffs to determine the reasonableness of the charges. Amended Complaint at ¶¶ 23, 32. After its review, MRS would "induce," "recommend," "advise," "encourage," or "incite" the plan sponsors or administrators to refuse payment in full or to partially deny benefits allegedly based on the reasonableness of the charges. Amended Complaint at ¶¶ 23, 32, 56. Based upon MRS's review and advice, *the plan sponsors and administrators* refused to pay some or all benefits under the plans. Amended Complaint at ¶¶ 23, 28, 45, 46, 56. Plaintiffs allege that MRS engaged in unreasonable review practices leading to the improper reduction of benefits. Amended Complaint at ¶ 35.

### IV. ISSUES PRESENTED

The issues presented by the motion to dismiss of MRS are: (1) whether Plaintiffs' Amended Complaint can support causes of action under ERISA against MRS as a fiduciary and (2) whether ERISA authorizes a cause of action for equitable relief against a nonfiduciary for knowing participation in a fiduciary's breach of fiduciary duty.

### V. DISCUSSION

### A. MRS IS NOT AN ERISA FIDUCIARY

■ Plaintiffs contend that MRS is a fiduciary as defined by ERISA and liable for breach of fiduciary duty under ERISA. The court determines that this contention is without merit.[2]

"Fiduciary" as used throughout ERISA is defined as follows:

[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. . . .

2. Plaintiffs also argue that they should be given an opportunity to conduct further discovery to determine if MRS is a fiduciary. The court also finds this argument to be meritless because no

allegations in the Amended Complaint, viewed in the light most favorable to Plaintiffs, could support causes of action under ERISA against MRS as a fiduciary.

29 U.S.C. § 1002(21)(A). ERISA also designates as fiduciaries persons named as fiduciaries in the plan instrument or persons identified as fiduciaries pursuant to a procedure spelled out in the plan. *See* 29 U.S.C. § 1102(a)(2); 29 U.S.C. § 1105(c)(1). Labor Department guidelines regarding the determination of fiduciary status provide further guidance. These guidelines clearly state that persons who determine plan eligibility, calculate benefits, advise plan participants of their rights and options, prepare reports concerning participants' benefits, process claims, or make recommendations to others for decisions with respect to plan administration are not fiduciaries under ERISA. 29 C.F.R. § 2509.75–8, D–2 (1993); *Baxter v. C.A. Muer Corp.,* 941 F.2d 451, 455 (6th Cir.1991). Applying these standards, courts have held that professionals who render specialized services to employee benefit plans are not ERISA fiduciaries unless there is a showing of discretionary control as spelled out in 29 U.S.C. § 1002(21)(A). *Toomey v. Jones,* 855 F.Supp. 19, 23 (D.Mass.1994) (collecting cases).

Plaintiffs base their claim that MRS is a fiduciary on the allegation that "MRS reviewed the bills submitted by the Plaintiff Hospitals for the reasonableness of charges and exercised discretionary authority over the administration of the plans by determining and advising the plan administrators and sponsors how much of the claims to pay." Amended Complaint at ¶ 32. This allegation describes exactly the type of ministerial activity contemplated by the statutory definition and the Labor Department regulations as nonfiduciary. If the court were to accept Plaintiffs' argument, a wide variety of professionals, including lawyers and accountants, would become fiduciaries under ERISA because such professionals "recommend," "advise," and "encourage" their clients everyday. Nowhere do Plaintiffs allege that MRS had discretionary authority respecting the actual management of the plan. Nor do they allege that MRS had control regarding the disposition of plan assets. In fact, Plaintiffs admit that *the plan sponsors and administrators,* not MRS, refused to pay some or all benefits under the plans. Amended Complaint at ¶¶ 23, 28, 45, 46, 56. Although the plan sponsors and administrators may have been acting pursuant to MRS's advice, they alone possessed the discretionary control necessary to be termed "fiduciaries." *Cf. Weaver v. Phoenix Home Life Mut. Inc. Co.,* 990 F.2d 154, 158 (4th Cir.1993) (holding that plan administrator cannot evade fiduciary responsibility by contracting with utilization review firm).

The cases Plaintiffs cite to support their contention that MRS is a fiduciary are easily distinguishable. Plaintiffs rely most heavily upon *Sixty–Five Sec. Plan v. Blue Cross and Blue Shield of Greater New York.,* 583 F.Supp. 380 (S.D.N.Y.1984). In *Sixty–Five Sec. Plan,* the court found Blue Cross to be an ERISA fiduciary because it "made all payments of claims from a fund set up by the Security Plan." *Id.* at 384. The court found "that Security Plan intended to, and indeed did, turn over to Blue Cross the 'management and disposition' of its assets. Such disposition, of course, took the primary form of payments made to subscribers. Under either the oral or the written agreement, Security Plan unequivocally yielded to Blue Cross the right and power to make such payments." *Id.* at 385. Unlike Blue Cross in *Sixty–Five Sec. Plan,* MRS had no power to pay or deny benefits. The plan sponsors and administrators did not turn over to MRS the management and disposition of the plan assets. It was *the plan sponsors and administrators* who refused to pay some or all benefits under the plans. Amended Complaint at ¶¶ 23, 28, 45, 46, 56.

A second equally compelling reason that MRS cannot be considered a fiduciary is that Plaintiffs took the opposite position, i.e., that MRS is not an ERISA fiduciary, earlier in this litigation. The doctrine of judicial estoppel prevents Plaintiffs from switching positions. Judicial estoppel is an equitable doctrine which precludes a party "from adopting a legal position in conflict with one earlier taken in the same or related litigation." *Allen v. Zurich Ins. Co.,* 667 F.2d 1162, 1166 (4th Cir.1982). The doctrine is designed to prevent litigants from "blowing hot and cold" or "playing fast and loose" with the judicial process. *Guinness PLC v. Ward,* 955 F.2d 875, 899 (4th Cir.1992); *Peu-*

*geot Motors, Inc. v. Eastern Auto Distribs., Inc.*, 892 F.2d 355, 356 n. 3 (4th Cir.1989), *cert. denied*, 497 U.S. 1005, 110 S.Ct. 3242, 111 L.Ed.2d 752 (1990); *United Va. Bank/Seaboard Nat'l v. B.F. Saul Real Estate Inv. Trust*, 641 F.2d 185, 190 (4th Cir. 1981).

Earlier in this litigation, Plaintiffs claimed that MRS was not a fiduciary and not amenable to a suit for breach of fiduciary duty under ERISA. This argument was made to bolster their contention that the state common law causes of action against MRS could not be preempted by ERISA because that would leave Plaintiffs without a remedy against MRS. The court rejected this argument because the Fourth Circuit in *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 418–19 (4th Cir.1993), held that ERISA preemption does not depend upon whether a party being sued is a fiduciary nor whether remedies are provided under ERISA, but rather on whether an action *relates* to an employee benefit plan. Now that the court has rejected Plaintiffs' contention that the state law causes of action are not preempted, Plaintiffs assert that MRS is an ERISA fiduciary and can be sued for breach of fiduciary duty. Clearly there is a conflict in the position Plaintiffs previously took in these proceedings and the one they now take before this court.[3] Therefore, this action is an appropriate case for the application of judicial estoppel. Accordingly, MRS is not a fiduciary under ERISA because it does not possess the necessary discretionary power and because judicial estoppel prevents Plaintiffs from asserting this position.

## B. ERISA DOES NOT AUTHORIZE SUIT AGAINST A NONFIDUCIARY FOR KNOWING PARTICIPATION IN BREACH OF FIDUCIARY DUTY

Additionally, Plaintiffs contend in their third cause of action that even if MRS is not a fiduciary, it is liable under ERISA for acting in concert with ERISA fiduciaries in the breach of their duties to Plaintiffs. Plaintiffs claim that they are entitled to equi-

table relief pursuant to 29 U.S.C. § 1132(a)(3) against MRS. Plaintiffs base this claim for relief upon a line of cases holding nonfiduciaries liable for their knowing participation in a fiduciary's breach of duty. *See e.g., Gruby v. Brady*, 838 F.Supp. 820 (S.D.N.Y.1993). Even assuming that all Plaintiffs' factual allegations are true, this cause of action asserted by Plaintiffs against MRS must be dismissed because recent United States Supreme Court and Court of Appeals decisions render this cause of action unavailable.

In *Mertens v. Hewitt Associates*, —— U.S. ——, ——, 113 S.Ct. 2063, 2067, 124 L.Ed.2d 161 (1993), the Court discussed whether nonfiduciaries could be held liable for money damages for knowingly participating in a fiduciary's breach of its fiduciary duties:

> [W]hile ERISA contains various provisions that can be read as imposing obligations upon nonfiduciaries ... no provision explicitly requires them to avoid participation (knowing or unknowing) in a fiduciary's breach of fiduciary duty. It is unlikely, moreover, that this was an oversight since ERISA does explicitly impose "knowing participation" liability on cofiduciaries. *See* § 405(a), 29 U.S.C. § 1105(a). That limitation appears all the more deliberate in light of the fact that "knowing participation" liability on the part of both cotrustees and third persons was well established under the common law of trusts.

The Court then went on to note that in a prior decision it had "emphasized [its] unwillingness to infer causes of action in the ERISA context, since that statute's carefully crafted and detailed enforcement scheme provides 'strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.'" *Id.* (quoting *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985)).

Although the discussion of this disavowed cause of action was not the basis for the ruling in *Mertens, id.* at —— ——, 113 S.Ct. at 2067–68 (reserving any decision on

---

3. Plaintiffs' only explanation for this change in position is that further research by counsel has convinced them that they can make an argument that MRS is a fiduciary. The court finds this explanation to be insufficient to prevent the application of judicial estoppel.

whether § 1132(a) authorizes an action against a nonfiduciary for participating in a fiduciary breach), the Court's clear reasoning cannot be ignored in application of ERISA to nonfiduciaries. *See also Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* —— U.S. ——, ——, 114 S.Ct. 1439, 1447, 128 L.Ed.2d 119 (1994) (explaining that Court in *Mertens* rejected the argument that under ERISA a cause of action exists against a nonfiduciary for knowing participation in fiduciary breach).

Further support for the conclusion that nonfiduciaries are not liable for their knowing participation in a fiduciary's breach of duty may be found in *Reich v. Rowe* 20 F.3d 25 (1st Cir.1994). In this recent decision, the First Circuit held that ERISA does not provide a remedy against non-fiduciaries who knowingly participate in a fiduciary breach. *Id.* at 26 (citing *Mertens v. Hewitt Associates,* —— U.S. ——, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993)). This court agrees with the reasoning and conclusion of the First Circuit that

> All things considered, judicial remedies for nonfiduciary participation in a fiduciary breach fall within the line of cases where Congress deliberately omitted a potential cause of action rather than the cases where Congress has invited the courts to engage in interstitial lawmaking. To begin with, Congress proscribed several "acts or practices" in ERISA's substantive provisions that involve nonfiduciaries but did not include among them a nonfiduciary's knowing participation in a fiduciary breach. *See Mertens,* —— U.S. at —— & n. 4, 113 S.Ct. at 2067 & n. 4. For example, 29 U.S.C. § 1106(a)(1) prohibits certain transactions between "parties in interest," *see supra,* note 2, and ERISA plans, and 29 U.S.C. § 1023(d)(8) prohibits actuaries from breaching their duty to certify that their actuarial statements are "complete and accurate." In addition, 29 U.S.C. § 1105 imposes liability on cofiduciaries for knowingly participating in a fiduciary breach. It is such "acts or practices" as these for which § 1132(a)(5) provides a remedy.

*Id.* at 31 (footnote omitted).

There is also a strong policy reason for not formulating an implied cause of action against nonfiduciaries for knowing participation in a breach of fiduciary duty. "[E]xtending the threat of liability over the heads of those who only lend professional services to a plan without exercising any control over, or transacting with, plan assets will deter such individuals from helping fiduciaries navigate the intricate financial and legal thick of ERISA." *Id.* at 32.

Plaintiffs argue that ERISA does not explicitly bar a suit against a nonfiduciary for knowing participation in a breach of fiduciary duty and, therefore, Congress intended that such a cause of action should be allowed. This argument, however, has been rejected by the Supreme Court in both *Mertens* and *Central Bank of Denver. See Mertens,* —— U.S. at ——, n. 5, 113 S.Ct. at 2068 n. 5; *Central Bank of Denver,* —— U.S. at ——, 114 S.Ct. at 1450–52.

Plaintiffs further argue that if MRS is not an ERISA fiduciary and there is no remedial provision in ERISA under which to redress claims against nonfiduciaries, utilization review companies and other nonfiduciaries are immunized from any liability. Plaintiffs apparently assert that Congress could not have intended to leave beneficiaries, or their assignees, without a remedy against nonfiduciaries. This argument is without merit. The Fourth Circuit in *Custer v. Pan American Life Ins. Co.,* 12 F.3d 410, 418–19 (4th Cir. 1993), rejected this contention:

> In *Mertens v. Hewitt Assocs.,* —— U.S. ——, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) ... the Supreme Court seemed to assume, without expressly deciding, that claims against nonfiduciaries would be preempted. The Court observed, however, that in order to expand the relief available under ERISA to include remedies against nonfiduciaries, more was needed than the general notion that ERISA was intended to protect beneficiaries. *See id.,* —— U.S. [at] ——, 113 S.Ct. at 2071. Furthermore, the Court observed that in light of the more expansive notion of fiduciary and the remedies which ERISA does provide, the gap in remedies against nonfiduciaries may not be as great as was alleged. "All that

ERISA has eliminated, on these assumptions, is the common law's joint and several liability, for *all* direct and consequential damages by the plan, on the part of persons who had no real power to control what the plan did." *Id.* —— U.S. [at] ——, 113 S.Ct. at 2072.

*Custer,* 12 F.3d at 418–19. Furthermore, Plaintiffs are not without a remedy for the misconduct alleged in this action. Plaintiffs have sued the plan administrators and sponsors for their role in accepting MRS's recommendations. If a breach of fiduciary duty resulted, then Plaintiffs will be able to recover from the fiduciaries involved. *See Weaver v. Phoenix Home Life Mut. Inc. Co.,* 990 F.2d 154, 158 (4th Cir.1993) (holding plan administrator liable for failure to provide specific reasons for denial of benefits even though plan administrator contracted with utilization review firm to evaluate claims).

As to the argument that utilization review companies and other nonfiduciaries are immunized from any liability, the court notes that fiduciaries have a strong incentive to control these nonfiduciaries' conduct. If the practices employed or advice given by a nonfiduciary, such as MRS, leads a fiduciary to breach its fiduciary duty, the fiduciary will be punished under ERISA. This will likely cause the fiduciary to have the nonfiduciary change its practices or lead the fiduciary to find another company to provide it with advice. In either event, the nonfiduciary's conduct will be confronted.

## VI. CONCLUSION

For these reasons, the court concludes that MRS is not a "fiduciary" under ERISA and that ERISA does not provide for equitable relief against a nonfiduciary who knowingly participates in a fiduciary's breach of fiduciary duty. Therefore, Plaintiffs' causes of action against MRS are hereby dismissed.

IT IS SO ORDERED.