Patty HANSEN, Plaintiff,

v.

**NORTH TRIDENT REGIONAL HOSPITAL, INC., d/b/a Trident Medical Center, Defendant.**

No. 2:98–1890–18.

United States District Court,
D. South Carolina,
Charleston Division.

June 22, 1999.

George Kefalos, Charleston, SC, for plaintiff.

J. Gail Rahn, Charleston, SC, Karin A. Verdon, Atlanta, GA, for defendant.

## ORDER

NORTON, District Judge.

This matter comes before the court on Defendant's Motion for Summary Judgment and Plaintiff's Motion to Reconsider or to Alter or Amend Judgment.

### I. BACKGROUND

Plaintiff was employed by Defendant as a nurse. Defendant is a hospital affiliated with Columbia/HCA. Columbia/HCA designs, sponsors, and offers its employees and the employees of its affiliates a cafeteria plan called "The Life Times Benefit Choices Program." Defendant processes the enrollment of its employees and their annual election of the benefit plans included in the Life Times program. Among the plans offered is the Long Term Disabilities Plan (LTD Plan), which is funded by insurance. Benefits are paid through a group disability insurance policy issued by The Hartford to Columbia/HCA. Eligibility to participate in the LTD Plan is linked to full-time employee status.

Information about the LTD Plan and the Life Times Program is made available to Defendant's employees through written materials received from Columbia/HCA and distributed by Defendant. The written materials instruct Defendant's employees to contact their Human Resources department if they want to file a claim for long-term disability benefits or if they have "any questions" about the LTD Plan or any of the other benefit plans included in the Life Times Program. Defendant employs a Benefits Coordinator within the Human Resources department to provide information to its employees about the Life Times Program, the LTD Plan, and to answer employee questions. The Benefits Coordinator also conducts meetings with employees to discuss available benefits and the procedures for electing such benefits.

In November 1994, Plaintiff elected the LTD Plan. Plaintiff claims Defendant was aware that she had been disabled before the policy was issued. Moreover, Plaintiff alleged in her Complaint that Defendant, while knowing Plaintiff only worked 24 hours a week, represented to Plaintiff that she would be eligible as a full-time employee [1] if she supplemented her work hours with vacation and sick leave. Allegedly relying on this representation, Plaintiff purchased the long-term disability insurance. Subsequently, Plaintiff applied for the disability benefits available under the policy. The Hartford ultimately rejected her claim because, as a part-time employee, she had never been eligible for coverage under the policy, and because her disability was excluded under the "pre-existing condition" provision of the plan.

### II. PROCEDURAL HISTORY

Plaintiff initially filed this action in the Court of Common Pleas for the Ninth Judicial Circuit, alleging state law claims for negligent misrepresentation, estoppel,

---

1. According to the plan handbook, policyholders must be full-time employees. The handbook defines a full-time employee as a person who is regularly scheduled to work at least 32 hours per week. Plaintiff worked only 24 hours per week.

and breach of fiduciary duty. Defendant removed the action to this court, asserting that the state law claims were preempted by ERISA.

Plaintiff moved to remand the action, arguing that the common law cause of action for negligent misrepresentation was not preempted by ERISA. The court found that the state law claims were preempted by ERISA, and granted Plaintiff leave to amend her Complaint to allege an ERISA claim. After Plaintiff amended her Complaint, she filed another Motion to Remand based on the argument that the LTD Plan was excluded from ERISA's definition of an employee welfare benefit plan. The court rejected Plaintiff's arguments and denied the motion to remand.

Defendant has now moved for summary judgment on the grounds that it was not a fiduciary, and thus could not be liable in a cause of action for breach of a fiduciary duty. Plaintiff opposed this motion, and a hearing was held before this court on May 25, 1999. At the hearing, the court orally granted Defendant's Motion for Summary Judgment. The next day, Plaintiff filed a Motion to Reconsider or to Alter or Amend Judgment.

### III. SUMMARY JUDGMENT STANDARD

This court must grant a motion for summary judgment when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir.1979). If the moving party carries its burden of showing that there is an absence of evidence to support a claim, then the non-moving party must demonstrate by affidavit, depositions, answers to interrogatories, and admissions on file that there is a genuine issue of material fact for trial. *See Celotex Corp.,* 477 U.S. at 324–25, 106 S.Ct. 2548. An issue of fact is "genuine"

when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "material" only if establishment of the fact might affect the outcome of the lawsuit under the governing substantive law. *Id.* When determining whether there is an issue for trial, the court must view the inferences to be drawn from the underlying facts in the light most favorable to the non-moving party. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Moore v. Winebrenner,* 927 F.2d 1312, 1313 (4th Cir.1991).

### IV. LAW/ANALYSIS

#### A. Motion for Summary Judgment

 Defendant has moved for summary judgment based on the argument that it cannot be liable to Plaintiff for breach of a fiduciary duty when it is not a "fiduciary" within the meaning of the ERISA statute. Under the ERISA statute,

> a person is a fiduciary with respect to a plan to the extent ... (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets ... or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A) (1994). Defendant is the sponsor of the LTD Plan. A plan sponsor does not become a fiduciary by performing such functions "as establishing a plan and designing its benefits." *Coyne & Delany Co. v. Selman,* 98 F.3d 1457, 1465 (4th Cir.1996). Moreover, Defendant's ability to change the plan does not make it a fiduciary because "plan sponsors ... are generally free under ERISA to amend plans without triggering fiduciary status." *Id.; Riley v. Murdock,* 890 F.Supp. 444, 451 (E.D.N.C.1995) ("Many courts have held that an employer does not

act as an ERISA fiduciary in deciding to amend or terminate a plan."). Nevertheless, being a fiduciary is not an all-or-nothing concept. *See Coyne & Delany Co.*, 98 F.3d at 1465. A person or entity may be a fiduciary for one function, but not for another. "The inclusion of the phrase 'to the extent' in ERISA's definition of fiduciary 'means that a party is a fiduciary only as to the activities which bring the person within the definition.'" *Id.* (*quoting Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir.1992)). "In other words, a court must ask whether a person is a fiduciary with respect to the particular activity at issue." *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir.1992). The activity at issue in this case is the determination of eligibility to enroll in the LTD Plan, and the representation to Plaintiff that she was eligible for enrollment.

■ Plaintiff claims that Defendant is a fiduciary in this case because it has authority to determine issues of eligibility. Plaintiff quotes the following language from a Department of Labor (DoL) regulation that she argues is dispositive on this issue:

> [T]he plan might designate as a 'benefit supervisor' a plan employee who has the final authority to authorize or disallow benefit payments in cases where a dispute exists as to the interpretation of plan provisions relating to eligibility for benefits. Under these circumstances, the benefit supervisor would be a fiduciary within the meaning of section 3(21)(A) of the Act.

29 C.F.R. § 2509.75–8 (1999). Plaintiff claims that Patty Hendrick, Defendant's benefit supervisor, falls squarely within this rule. In support of her argument, Plaintiff quoted from the deposition of Patty Hendrick:

> Q. Who—in this regard, who ultimately would make a decision about whether an employee was eligible for benefits? And

let's specifically talk about the disability and Hartford—this Hartford policy. Who had the responsibility or the authority to ultimately make the decision about whether someone was eligible for The Hartford benefits? This is just eligible for the policy, not getting paid the disability benefits themselves. Do you follow me? I don't want you to be—[2]
>
> A. Eligibility to enroll in the policies were [sic] our responsibility. We were able to do that.

(Patty Hendrick depo. at 8) This deposition extract does not support Plaintiff's argument that Defendant is a fiduciary under the DoL's regulation interpreting the ERISA statute. First, the question began as one regarding eligibility for benefits, and then it morphed into one regarding eligibility to enroll. The Department of Labor regulation deals with "eligibility for benefits." Second, had Plaintiff continued to quote from the deposition, the next question and answer demonstrated that Defendant did not even have final authority over eligibility to enroll:

> Q. Did Hartford have any input in that [i.e., eligibility to enroll]?
>
> A. They did if it was not open enrollment. If we had an open enrollment, the employees were eligible to sign up for benefits without proving good health. If it was not open enrollment, then they did a health history, and the insurance company then determined if they were eligible for the benefit [i.e., to enroll].

(Patty Hendrick depo. at 8–9) Third, for the benefits supervisor to be a fiduciary under the DoL regulation, that person must have "the final authority to authorize or disallow *benefit payments* " when a dispute exists regarding interpretation of plan provisions relating to eligibility for benefits. There is no evidence in the record which demonstrates that Defendant's benefit supervisor possessed any such au-

---

**2.** This question should suffer the same fate as the cross-examination question in the apocryphal legal transcript to which opposing counsel objected on the grounds that it should be taken out and shot.

thority. Indeed, the only evidence in the record is that Defendant merely handled the processing of benefit applications, claims, and related paperwork. The DoL regulation makes clear that

a person who performs purely ministerial functions ... for an employee benefit plan within the framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary because such person does not have discretionary authority or discretionary control respecting management of the plan, [and] does not exercise any authority or control respecting management or disposition of the assets of the plan.

29 C.F.R. § 2509.75–8 (1999). The regulation lists these ministerial functions that do not trigger fiduciary status:

(1) Application of rules determining eligibility for participation or benefits;

(2) Calculation of services and compensation credits for benefits;

(3) Preparation of employee communications material;

(4) Maintenance of participants' service and employment records;

(5) Preparation of reports required by government agencies;

(6) Calculation of benefits;

(7) Orientation of new participants and advising participants of their rights and options under the plan;

(8) Collection of contributions and application of contributions as provided in the plan;

(9) Preparation of reports concerning participants' benefits;

(10) Processing of claims; and

(11) Making recommendations to others for decisions with respect to plan administration.

*Id.* To the extent that Defendant performs such functions, their performance does not involve the kind of discretionary authority that is the talisman of being a fiduciary.

In contrast to Defendant, The Hartford exercises discretionary authority. The company funds the LTD Plan, evaluates all benefit claims submitted under the plan, and pays LTD benefits on all approved claims. In this case, The Hartford, as plan administrator, issued Plaintiff a certificate of coverage, requested the information necessary to evaluate Plaintiff's claim, unilaterally decided to deny Plaintiff's claim, and issued its notice of denial to Plaintiff. Thus, it would appear that all discretionary authority is exercised by The Hartford. Plaintiff has submitted no evidence to the contrary.

In a factually similar case, the Northern District of Indiana found that the advice from a Human Resources Director to an employee about the Director's eligibility determinations and interpretations under the plan did not transform the employer into an ERISA fiduciary. *See Bollenbacher v. Helena Chem. Co.,* 934 F.Supp. 1015, 1024 (N.D.Ind.1996). In *Bollenbacher,* the plaintiff relied on the recent Supreme Court decision in *Varity Corp. v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), for the proposition that employers acquire fiduciary status when they make representations regarding the nature and scope of coverage under an ERISA plan. *See Bollenbacher,* 934 F.Supp. at 1024. In *Varity Corp.,* the defendant was both the employer and the plan administrator. *See Varity Corp.,* 516 U.S. at 498, 116 S.Ct. 1065. The issue before the Court was whether the defendant, at a benefits meeting with its employees, was acting in its capacity as the plan administrator. *See id.* at 492, 116 S.Ct. 1065. The Court held that because the meeting was convened for the sole purpose of discussing benefit plans and to entice employees to switch plans, the defendant was exercising sufficient discretionary authority over the management and administration of the plan so that it was wearing its fiduciary "hat" as well as its employer "hat." *See id.* at 498, 116 S.Ct. 1065. The situation in *Varity Corp.* was markedly different to the situation in this case and in the *Bollenbacher* case because the employer in *Varity Corp.* was already the plan administrator. Simply making representations about the plan to employees did not

make the employer in *Varity Corp.* a plan administrator or a fiduciary. As the Northern District of Indiana noted, "The Supreme Court did not say that any time an employer makes representations regarding a benefit plan it constitutes an administrative act and imposes fiduciary status where none previously existed." *Bollenbacher*, 934 F.Supp. at 1024. To the contrary, such "opinions or representations . . . fall more properly within those specific functions which the regulations specifically hold are not fiduciary in nature." *Id.*

For the foregoing reasons, Plaintiff has failed to raise a genuine issue of material fact as to whether Defendant was a fiduciary within the meaning of the ERISA statute.[3]

Plaintiff argues that even if Defendant is not an ERISA fiduciary, Defendant should be judicially estopped from making this argument as it is contrary to an earlier argument it made to this court.[4] In her brief, Plaintiff contrasts the arguments counsel for Defendant makes now to those they made during their motion to dismiss the state law claims. Defendant now makes the following argument to the court:

> The Plaintiff alleges that the Defendant, at all times relevant to this action, acted as a fiduciary, as defined by ERISA, because it processed its employees' enrollment and annual benefit elections in the Program, counseled and advised its employees regarding the benefit coverage available in the Program, and certified its employees' benefit coverage under the Program. (Amended Complaint, ¶ 5). *Even if true, such activity is insufficient to establish the Defendant as a fiduciary of the LTD Plan.*

(Defendant's Memo. in Support of Summary Judgment at 8–9 (emphasis added)) In contrast, Defendant has previously argued to the court that "[i]n addition to confirming that the LTD Plan is an ERISA plan, Trident's alleged administrative actions with respect to the LTD Plan (e.g., processing enrollments, interpreting and disclosing the terms) would *establish that Trident is a fiduciary of the LTD Plan.*" (Defendant's Memo. in Support of Motion to Dismiss, dated July 6, 1998, at 4 (emphasis added)). Defendant made a similar argument in its response to Plaintiff's first motion to remand. Without reference to the elements of judicial estoppel, and indeed without reference to any case law, Plaintiff argues that Defendant should be judicially estopped from denying its status as an ERISA fiduciary.

■■ The application of judicial estoppel is controlled by federal law and is

---

3. Defendant has also argued that Plaintiff cannot demonstrate that she has been damaged as a result of Defendant's alleged breach of fiduciary duty because Plaintiff was denied benefits on the independent ground that she had a "pre-existing condition." The court does not need to address this issue because it finds that Defendant was not a fiduciary.

4. Plaintiff's judicial estoppel argument may be somewhat disingenuous because she argued at an earlier motions hearing that Defendant "was not a fiduciary, as contemplated by the ERISA statute." (Transcript of Motions Hearing, dated Aug. 6, 1998, at 14–15) Now, in arguing to save her ERISA claim, Plaintiff argues that Defendant was an ERISA fiduciary. Such a flip-flop by a plaintiff was enough for Judge Cameron Currie to estop an ERISA plaintiff from arguing that the defendant was a fiduciary. *See Colleton Reg'l Hosp. v. MRS Med. Review Sys., Inc.*, 866 F.Supp. 896, 900–01 (D.S.C.1994). In *Colle-ton Reg'l Hosp.*, Judge Currie was presented with the same issue in almost exactly the same procedural posture as the court in this case. The plaintiff had initially alleged several state causes of action. *See id.* at 898. The defendant argued that the state claims were preempted by ERISA, and the plaintiff argued that the defendant was not an ERISA fiduciary. *See id.* at 901. The court agreed with the defendant, but it permitted the plaintiff to file an amended Complaint alleging an ERISA claim. *See id.* at 898. When the plaintiff tried to support its new ERISA cause of action by arguing that the defendant was a fiduciary, the court applied judicial estoppel to hold that the defendant was not a fiduciary. *See id.* at 901. Although this rule is harsh in that it fails to take into account that the plaintiff had no option but to proceed, kicking and screaming, with an ERISA claim, it demonstrates that Plaintiff's assertion of judicial estoppel in this case is a double-edged sword.

invoked at the court's discretion as the equities of the case demand. *See Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir.1996); *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 975 (D.S.C.1997). The doctrine generally prevents a party from taking inconsistent positions in different tribunals, and so it protects the essential integrity of the judicial process by preventing a party from playing fast and loose with the courts. *See Lowery*, 92 F.3d at 223. "Because of the harsh results attendant with precluding a party from asserting a position that would normally be available to the party, judicial estoppel must be applied with caution." *Id.* at 224.

■■ This court will not apply judicial estoppel against Defendant because Plaintiff cannot satisfy the second and third elements of the doctrine.[5] The second element of judicial estoppel requires that the prior inconsistent position "must have been successfully advanced and accepted by the court in the previous litigation." *Dilmar Oil Co.*, 986 F.Supp. at 976. After reading the transcript of the motions hearing on Plaintiff's earlier motion to remand, and Defendant's earlier motion to dismiss, the court has found no evidence that it ever accepted Defendant's extraneous arguments in its briefs that Defendant was a fiduciary as such an argument is not necessary to a finding of ERISA preemption. *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 418 n. 3 (4th Cir.1993); *Colleton Reg'l Hosp. v. MRS Med. Review Sys., Inc.*, 866 F.Supp. 896, 901 (D.S.C.1994); *see also Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir.1982) ("[T]he earlier assertion of a legally irrelevant, albeit inconsistent, position should seldom, if ever, lead to the application of judicial estoppel.").

The third element of judicial estoppel requires that "the party sought to be estopped must have intentionally misled the

court to gain unfair advantage." *Lowery*, 92 F.3d at 224. The "courts will not apply judicial estoppel when a party's prior position was based on inadvertence or mistake." *Id.* There is no evidence at the earlier motions hearing that Defendant's counsel tried to mislead the court. To the contrary, the following excerpt from the motions hearing demonstrates Defendant's position:

> Ms. Verdon [Defense counsel]: Well, we believe that the complaint alleged they [Defendant] are a fiduciary. We have not taken a position on that, and *we are not asserting here today that they were a plan fiduciary*. They are certainly a principal ERISA entity because they are a plan sponsor.

(Transcript of Motions Hearing, dated Aug. 6, 1998, at 14 (emphasis added)) Plaintiff's argument that Defendant should be judicially estopped from denying its fiduciary status is thus without merit.

### B. Motion to Reconsider or to Alter or Amend Judgment

Plaintiff has moved this court for an order staying the entry of summary judgment so that Plaintiff may depose representatives of The Hartford. A hearing on this matter will not be scheduled as the arguments are adequately presented in the materials before the court and oral argument would not aid the decisional process. In Plaintiff's memorandum in support of her motion, Plaintiff failed to demonstrate to the court how deposing representatives from The Hartford could make more or less likely that Defendant was an ERISA fiduciary. As a result, this court will not stay entry of its order granting summary judgment to Defendant.

It is therefore,

5. The first element of judicial estoppel requires that "the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation. And the position sought to be estopped must be one of fact rather than law or legal theory." *Lowery*, 92 F.3d at 224 (citation omitted). Although it is questionable whether Plaintiff could satisfy this element either, the court need not address this element as Plaintiff plainly cannot satisfy the other two elements of judicial estoppel.

**ORDERED,** that Defendant's Motion for Summary Judgment be **GRANTED.** **AND IT IS SO ORDERED.**