**SENTARA VIRGINIA BEACH GENERAL HOSPITAL, Plaintiff,**

v.

**June C. LeBEAU, Executor of the Estate of Ernest R. LeBeau, and June C. LeBeau, Individually, Defendants and Third–Party Plaintiffs,**

v.

**A.S.G., INC. and Trigon Insurance Company, Third–Party Defendants**

**No. 2:01CV242.**

United States District Court, E.D. Virginia, Norfolk Division.

Jan. 30, 2002.

---

Michael Edward Bowerman, Bowerman and Willis, Virginia Beach, VA, Counsel for Plaintiff.

John B. Mann, Levit, Mann & Halligan, Richmond, VA, James Patrick St. Clair, Catherine J. Rogers, Norris & St. Clair, PC, Virginia Beach, VA, Counsel for Defendants and Third Party Plaintiffs.

William C. Bischoff, Mark T. Del Duca, Kellam T. Parks, Stallings & Richardson, P.C., Virginia Beach, VA, Counsel for A.S.G., Inc. Third–Party Defendant.

Richard J. Cromwell, Esquire, McGuire-Woods, LLP, Norfolk, VA, John B. Nicholson, Esquire, Trigon Blue Cross Blue Shield, Richmond, VA, Counsel for Trigon Insurance Company Third–Party Defendant.

### *OPINION*

REBECCA BEACH SMITH, District Judge.

This matter is before the court on Motions to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), brought by third-party defendants A.S.G., Inc. and Trigon Insurance Company. For the reasons set forth below, the motion of A.S.G., Inc. is **DENIED,** and the motion of Trigon Insurance Company is **GRANTED** in part, and **DENIED** in part.

### *I. Factual and Procedural History*

On January 8, 2001, Sentara Virginia Beach General Hospital filed a complaint in the Circuit Court for the City of Virginia Beach, Virginia, against June C. LeBeau, Executor of the estate of Ernest R. LeBeau, and June C. LeBeau, Individually, (collectively, "LeBeau"), seeking payment of hospital bills arising from her late husband's hospitalization. LeBeau filed a Third–Party Motion for Judgment against A.S.G., Inc., d/b/a Angelos Restaurant ("A.S.G."), and Trigon Insurance Company ("Trigon"). Trigon removed the case to federal court on April 5, 2001. By leave of the court, LeBeau filed an amended third-

party complaint. A.S.G. moved to dismiss Count I of the amended third-party complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). LeBeau filed a response in opposition to A.S.G.'s motion to dismiss Count I, to which A.S.G. replied. Trigon moved to dismiss Counts III, IV, and V of the amended third-party complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). LeBeau filed a response in opposition to Trigon's motion to dismiss Counts III, IV, and V. The matter is ripe for review.

## II. Analysis

A complaint should not be dismissed for failure to state a claim pursuant to Rule 12(b)(6), unless it appears to a certainty that the nonmoving party cannot prove any set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Labram v. Havel*, 43 F.3d 918, 920 (4th Cir.1995). The standard governing Rule 12(b)(6) dismissal motions requires that a court reviewing such a motion accept the complaint's factual allegations as true and view the allegations in a light most favorable to the nonmoving party. *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993).

A.S.G. seeks to dismiss Count I of the amended complaint on the grounds that the only stated cause of action is preempted by ERISA or states a claim not available under ERISA. Likewise, Trigon seeks to dismiss Counts III, IV, and V of the amended complaint on the grounds that these causes of action are preempted by ERISA or seek remedies not available under ERISA. Trigon claims LeBeau's remedy is limited to an enforcement action under ERISA § 502(a), 29 U.S.C. § 1132(a), a remedy LeBeau alleges in Count II of the amended complaint.

## Count I: Equitable Estoppel

■ Count I alleges that A.S.G., LeBeau's employer, intentionally and knowingly failed to inform LeBeau that LeBeau's health plan would be cancelled, and after it was cancelled, failed to inform LeBeau that it had been cancelled. It further alleges that A.S.G. made false representations of material facts with the intent to mislead LeBeau, that A.S.G. knew or should have known LeBeau would reasonably and detrimentally rely upon these misrepresentations, and that LeBeau did in fact rely upon them and suffer damages as a direct and proximate result of such reliance.

The parties agree the health plan at issue is an ERISA-regulated plan. When Congress enacted ERISA, it created a federal statutory scheme to govern employee benefit plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). However, Congress intended courts to fill in the statute's gaps by developing a federal common law of rights and obligations under ERISA-regulated plans. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). The Supreme Court and the Fourth Circuit have authorized federal courts to develop this federal common law when ERISA fails to address an issue and the state law governing that issue has been preempted. *Phoenix Mut. Life Ins. Co. v. Adams*, 30 F.3d 554, 560 (4th Cir.1994). Although ERISA broadly preempts state laws, courts may look to state common law in fashioning federal common law for ERISA claims. *Singer v. Black & Decker Corp.*, 964 F.2d 1449, 1452 (4th Cir.1992). "Courts must be conscientious to fashion federal common law only when it is 'necessary to effectuate the purposes of ERISA.'" *Id.* (quoting *Provident Life & Accident Ins. Co. v. Waller*, 906 F.2d 985, 992 (4th Cir.1990)). One of the purposes of ERISA is "to promote the

interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines*, 463 U.S. 85, 90, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

Although A.S.G. concedes that federal common law may be applied in certain circumstances when considering ERISA claims, A.S.G. asserts that "the subject of equitable estoppel is not one of those circumstances." Reply to June C. LeBeau's Resp. to Mot. of A.S.G., Inc. to Dismiss Am. Compl., at 1–2. A.S.G. is incorrect in its categorical assertion. Multiple federal courts of appeals have determined that, in some circumstances, equitable estoppel principles are applicable in fashioning federal common law for ERISA claims. *See e.g., Greany v. Western Farm Bureau Life Ins. Co.*, 973 F.2d 812, 821 (9th Cir.1992) (recognizing that federal equitable estoppel principles can, in certain circumstances, apply to claims arising under ERISA); *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1298 (6th Cir.1991) (same); *Kane v. Aetna Life Ins.*, 893 F.2d 1283, 1285–86 (11th Cir.), *cert. denied*, 498 U.S. 890, 111 S.Ct. 232, 112 L.Ed.2d 192 (1990) (same).

The Fourth Circuit has held that estoppel principles cannot be invoked in fashioning federal common law governing ERISA claims, when to do so would modify or alter a term of a written employee benefit plan. *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 58 (4th Cir.1992). The reason for such a disavowal of estoppel principles is to avoid creating a conflict between the federal common law and ERISA's preference for written agreements. *Id.* In *Coleman*, the court clearly stated that oral or informal written modifications to a plan are not enforceable to vary the written terms of an agreement and to hold an insurer liable under an equitable estoppel theory. *Id.* at 59–60; *see also HealthSouth Rehabilitation Hosp. v. Am. Nat. Red Cross*, 101 F.3d 1005,

1010 (4th Cir.1996) (rejecting a federal common law estoppel claim when plaintiff was attempting to use it to override the explicit terms of an established ERISA plan in order to hold agent of insurer liable); *Singer*, 964 F.2d at 1452 (federal common law cannot be imported to alter and undermine written obligations in the employee benefit plan). The rationale for not allowing estoppel principles to alter a plan's written terms is the need to protect plans from undefined liabilities that could compromise the financial integrity of a group health insurer. *Coleman*, 969 F.2d at 60.

However, in this case, LeBeau is not attempting to use an equitable estoppel principal against A.S.G. to override one of the terms of the written plan. Nor does allowing LeBeau's claim present any risk to the financial integrity of the group insurance plan, because the claim in Count I of the amended complaint is not against the plan or the insurer. Rather, LeBeau is asserting that the employer is liable based on an estoppel theory for knowingly and intentionally making misrepresentations about the status of the health insurance coverage. Other courts have held an employer can be liable in its fiduciary capacity under ERISA for making affirmative misrepresentations, based on an equitable estoppel theory. *See, e.g., Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 235 (3d Cir.1994); *Lee v. Burkhart*, 991 F.2d 1004, 1009–10 (2d Cir.1993).

The Fourth Circuit concurs that the duty of loyalty prevents a fiduciary from making material misrepresentations or incomplete, inconsistent, or contradictory disclosures to a beneficiary. *Griggs v. E.I. Dupont de Nemours & Co.*, 237 F.3d 371, 380 (4th Cir.2001) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 506, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996)). Furthermore, the Fourth Circuit has never held that equitable estoppel principles are off limits

in developing federal common law for ERISA-governed actions. In fact, it has affirmed that some federal common law estoppel claims may be valid if all the elements of estoppel are satisfied. *Elmore v. Cone Mills Corp.*, 23 F.3d 855 (4th Cir.1994) (allowing federal common law estoppel claim where claim was not seeking to alter the terms of a pre-existing ERISA plan, and remanding for determination of whether there was detrimental reliance).

A.S.G.'s motion to dismiss is premised on a categorical denial of any federal common law estoppel cause of action in ERISA cases. In *Singer*, the Fourth Circuit admonished a district court for "paint[ing] with too broad a brush in stating categorically that courts should not look to state common-law causes of action that have been preempted by ERISA in fashioning federal common law." 964 F.2d at 1452. Although a state common law cause of action based on equitable estoppel has been preempted by ERISA, *see Coleman*, 969 F.2d at 58, there is no categorical rule against incorporating equitable estoppel principles into federal common law for ERISA-regulated plans. As such, and given the factual distinctions between the present case and *Coleman*, the court cannot dismiss Count I of the amended complaint for failure to state a claim.

The court does not find to a certainty that LeBeau can prove no set of facts in support the claim that would entitle LeBeau to relief. *See Conley*, 355 U.S. at 45–46, 78 S.Ct. 99. When no such certainty exists, dismissal cannot be granted. The court expresses no opinion as to whether LeBeau will actually establish such a claim; it merely notes that the possibility exists. A.S.G.'s motion to dismiss Count I is **DENIED**.

## Count III: Failure to Inform

Count III alleges that Trigon failed to inform LeBeau of the impending cancellation of the policy or of the availability of individual coverage, but instead cancelled the policy without providing notice to LeBeau. Other than incorporating the opening paragraphs one through ten of the amended complaint,[1] Count III contains only one sentence describing the cause of action. It appears, as Trigon contends, that this count may be a typographical error and is actually meant to be a part of Count IV.[2]

In the one sentence comprising Count III, LeBeau fails to state the legal basis for any cause of action, nor does LeBeau allege any facts that would demonstrate Trigon owed a duty to provide this information. Moreover, LeBeau does not allege any damage in this count as a result of the failure to inform. Given the lack any alleged legal basis in the pleadings for Count III, it is **DISMISSED** pursuant to Rule 12(b)(6).[3]

---

**1.** In Paragraph 1 of the amended complaint, LeBeau states "[t]his case involves a claim for medical benefits and a claim of breach of fiduciary duty and equitable estoppel...." The fact that LeBeau does not mention a claim for "failure to inform" in the opening paragraph of the amended complaint, in which she summarizes her claims, supports the court's conclusion that Count III may have been erroneously included in the final amended complaint. *See infra* note 2 and accompanying text.

**2.** The court notes that a more detailed version of the one-sentence allegation in Count III is repeated in Count IV, Paragraph 25. Because of this repetition, the allegation in Count III is actually addressed as one part of the stated cause of action in Count IV. Moreover, LeBeau did not respond to the motion to dismiss as to Count III, reinforcing Trigon's assertion that this sentence is a typographical error and meant to be part of Count IV.

**3.** This court's research has not revealed any legal significance of the allegations in Count III, standing alone, or any separate legal theory of failure to inform based on these alleged facts that would allow this count of the com-

## Count IV: Breach of Fiduciary Duty

■ In Count IV, LeBeau alleges that Trigon breached its fiduciary duty to her. Trigon asserts the amended complaint fails to state a claim because (1) Trigon was not a plan administrator,[4] (2) Trigon was not a fiduciary, and (3) plaintiff cannot assert a claim for breach of fiduciary duty under 29 U.S.C. § 1109, as that section only provides a remedy to the plan as a whole and not to individual beneficiaries.

The court first must determine whether the Trigon can be considered a fiduciary under ERISA.[5] The ERISA definition states that:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). In other words, a fiduciary within the meaning of ERISA "must be someone acting in the capacity of manager, administrator, or financial adviser to a plan." *Pegram v. Herdich,* 530 U.S. 211, 222, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000). To determine whether a person is subject to ERISA fiduciary duties, the court must determine the extent to which that person exercises discretionary authority, control or responsibility with respect to management or administration of the plan. *See Varity Corp.,* 516 U.S. at 498, 116 S.Ct. 1065 (citing 29 U.S.C. § 1002(21)(A)(i) and (iii)).

LeBeau asserts that Trigon exercises discretion in the administration of the plan. Specifically, LeBeau alleges she will be able to prove that "Trigon had the discretionary function to approve or deny claims submitted by plan participants such as the plaintiff deceased." LeBeau's Resp. in Opp'n to Third–Party Def. Trigon Insurance Company's Mot. to Dismiss Am. Compl., at 3. LeBeau argues the need for further discovery on this issue. Trigon argues that it is not a fiduciary because the only action it took in this case was "simply to determine the employer's eligibility to maintain a group insurance policy." Mem. in Supp. of Trigon Insurance Company's Mot. to Dismiss Am. Compl., at 5.

■ At this stage, the court has substantial doubt that no facts exist that might establish Trigon did exercise discretionary authority so as to come within the statutory definition of a fiduciary. The court notes that in keeping with the remedial purpose of ERISA, the term "fiducia-

---

plaint to go forward. *See Harrison v. United States Postal Serv.,* 840 F.2d 1149 (4th Cir. 1988) (indicating that even if the plaintiff's allegations do not support his legal theory, the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory).

4. Whether Trigon is a "plan administrator," as defined by 29 U.S.C. § 1002(16A), is not relevant to the claim of breach of fiduciary duty, if Trigon is a fiduciary under 29 U.S.C. § 1002(21)(A).

5. LeBeau's mere assertion that Trigon is a fiduciary is not sufficient. While the court must accept all facts stated by plaintiff as true, the court does not need to accept legal conclusions asserted by the plaintiff. *See Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *Young v. City of Mount Ranier,* 238 F.3d 567, 577 (4th Cir. 2001).

ry" is construed liberally. *See, e.g., Farm King Supply, Inc. v. Edward D. Jones & Co.*, 884 F.2d 288, 291–92 (7th Cir.1989). In addition, "the prevailing view is that insurers who make decisions on benefit claims under group insurance contracts are ERISA fiduciaries who are operating under a strong, inherent conflict of interest." Stephen R. Bruce, *Pension Claims: Rights and Obligations* 308 n. 37 (2d ed.1993). "The bottom line is that [a person] is a fiduciary if [he] exercises discretionary authority over claim denials." *Id.* at 307–08 (quotation omitted).

As the Fourth Circuit has noted, whether an insurer possesses the discretionary authority or responsibility that is necessary to meet the statutory definition of "fiduciary" may be allocated by various plan documents. *Coleman*, 969 F.2d at 61; *see also Willett v. Blue Cross & Blue Shield of Ala.*, 953 F.2d 1335 (11th Cir. 1992) (looking to the contract between the employer and the insurer to determine which party had the responsibility to provide employees with all coverage notices, including notice of a suspension or discontinuation of coverage). Therefore, without an evidentiary record before the court, the court cannot determine as a matter of law whether Trigon is a fiduciary or whether Trigon breached any fiduciary duty.[6]

Even if LeBeau can show Trigon is a fiduciary, in order for the claim to survive the Rule 12(b)(6) motion to dismiss, there must be a remedy available to LeBeau for breach of fiduciary duty.[7] LeBeau clearly asserts in the response brief that ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides a remedy.[8]

ERISA § 502(a)(3) states:

"A civil action may be brought ... by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

29 U.S.C. § 1132(a)(3). In *Varity Corp.*, the Supreme Court held that ERISA § 502(a)(3) authorizes lawsuits for individualized equitable relief of fiduciary obligations. 516 U.S. at 507–510, 116 S.Ct. 1065. The Court found that the language of ERISA § 502(a)(3) is "broad enough to cover individual relief for breach of a fiduciary obligation." *Id.* at 510, 116 S.Ct. 1065. The Court also determined that

---

**6.** The court recognizes that mere adherence to the terms of the plan is not a breach of fiduciary duty. *Dzinglski v. Weirton Steel Corp.*, 875 F.2d 1075, 1080 (4th Cir.1989); *see also Baxter v. C.A. Muer Corp.*, 941 F.2d 451 (6th Cir.1991) (a claims processor that only had the power to pay out benefits according to the terms of the established plan was not an ERISA fiduciary); *Baker v. Big Star Div. of the Grand Union Co.*, 893 F.2d 288, 290 (11th Cir.1989) ("An insurance company does not become an ERISA 'fiduciary' simply by performing administrative functions and claims processing within a framework of rules established by an employer.").

**7.** Under ERISA, a fiduciary has the duty to act "solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1).

The court expresses no opinion on whether there was a breach of such duty in ruling on the motion to dismiss pursuant to Rule 12(b)(6).

**8.** Trigon correctly argues LeBeau cannot recover under ERISA § 502(a)(2), 29 U.S.C.A. § 1132(a)(2), because that provision does not provide remedies for individual ERISA beneficiaries. *See Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) (finding that recovery for breach of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, "inures to the benefit of the plan as a whole"). *Russell* bars LeBeau from suing under § 502(a)(2), because LeBeau is seeking damages on her own behalf, not on behalf of the plan.

granting individual relief through ERISA § 502(a)(3) was consistent with ERISA's structure and purpose. *Id.* at 510–513, 116 S.Ct. 1065.

LeBeau sufficiently satisfies the requirements of ERISA § 502(a)(3) to survive a Rule 12(b)(6) motion to dismiss. She is a participant or beneficiary seeking to obtain, *inter alia*, equitable relief for a breach of fiduciary duty. "By this provision [ERISA § 502(a)(3) ], Congress provided individual beneficiaries with an avenue to seek equitable relief for a breach of fiduciary duty under ERISA." *Griggs,* 237 F.3d at 384 (citing *Varity Corp.,* 516 U.S. at 507–15, 116 S.Ct. 1065). Whether the relief sought will ultimately be deemed "appropriate" equitable relief is not before the court on this motion. The court is aware that relief under ERISA § 502(a)(3) is not "appropriate" equitable relief "where Congress elsewhere provided adequate relief for a beneficiary's injury." *Varity Corp.,* 516 U.S. at 515, 116 S.Ct. 1065. If LeBeau can receive adequate relief for the alleged injury through ERISA § 502(a)(1), which is Count II of the amended complaint, then LeBeau will be unable to utilize § 502(a)(3) as a means of redress.

However, a motion to dismiss for failure to state a claim upon which relief can be granted does not test whether the plaintiff will prevail on the merits or whether the plaintiff is entitled to maintain an alternate theory of recovery; rather, it simply tests whether the claimant has properly stated a claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). A complaint cannot be dismissed merely because the court doubts the plaintiff will prevail in the action. *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In fact, "the court should be especially reluctant to dismiss on the basis of the pleadings when the asserted theory of liability is novel or extreme, since it is important that new legal theories be explored and assayed in the light of actual facts rather than a pleader's suppositions." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 at 343 (2d ed.1990).

Therefore, because Trigon may be a fiduciary, and because LeBeau may have a remedy for breach of fiduciary duty under *Varity Corp.,* Trigon's motion to dismiss Count IV is **DENIED.**

### Claim V: Refusal to Provide Copy of the Plan

■ In Count V, LeBeau alleges that on or before May 15, 2000, she and her counsel submitted a request in writing to Trigon for copies of the health insurance plan and supporting documents. LeBeau further alleges that as of August 2, 2001, when the amended third-party complaint was filed, Trigon had not complied with the information request.

ERISA § 104(b)(4) requires plan administrators to respond to informational requests by plan participants. 29 U.S.C. § 1024(b)(4). The civil enforcement provision of ERISA provides:

> "[a]ny administrator ... (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper."

29 U.S.C. § 1132(c)(1). The statutory language makes clear this cause of action may be brought only against an administrator.

ERISA defines "administrator" as:

"(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may be regulation prescribe."

29 U.S.C. § 1002(16)(A). LeBeau's cause of action in Count V can only survive if Trigon can be an "administrator" under the ERISA definition and LeBeau submitted a request for information that went unanswered. *See Coleman*, 969 F.2d at 62 (holding a court cannot impose the administrator's statutory duties on an insurance company if the insurance company does not meet the definition of "plan administrator" in the ERISA statutes, even if insurer has administrative responsibilities).[9]

LeBeau has alleged that Trigon is the plan administrator. Under the statutory definition, Trigon could be designated as the administrator "by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1132(c)(2). However, the court cannot now make that determination. In order to determine whether Trigon was the plan administrator, the court would need an evidentiary record, which is not yet before the court. *See, e.g., Glocker v. W.R. Grace & Co.*, 974 F.2d 540, 542 (4th Cir.1992) (finding the contract between employer and insurer contained a provision identifying the administrator). LeBeau has also alleged that she submitted a request for information to which Trigon did not respond for over thirty days. Because the purpose of ERISA § 502(c), 29 U.S.C. § 1132(c), is to punish noncompliance with ERISA, LeBeau did not need to assert facts demonstrating prejudice as a prerequisite to a claim under ERISA § 502(c). *See Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 659 (4th Cir.1996).

Therefore, given the high standard for dismissal under Rule 12(b)(6), the court cannot dismiss Count V unless it appears to a certainty that LeBeau cannot prove any set of facts to support the claim that would entitle LeBeau to relief. *See Conley*, 355 U.S. at 45–46, 78 S.Ct. 99. The court does not find such a certainty exists. The court expresses no opinion as to whether LeBeau will actually establish such a claim; it merely notes that the possibility exists. Thus, the motion to dismiss Count V is **DENIED.**

### III. Conclusion

For the reasons set forth above, the court **DENIES** A.S.G.'s Motion to Dismiss Count I, **GRANTS** Trigon's Motion to Dismiss Count III, and **DENIES** Trigon's Motion to Dismiss Counts IV and V. The Clerk is **DIRECTED** to send a copy of this Opinion to all counsel of record.

IT IS SO ORDERED.

---

**9.** The court notes that some Courts of Appeals have held that under certain circumstances a party not designated as an administrator may be liable as a de facto plan administrator for failing to furnish a plan description. *See Rosen v. TRW, Inc.*, 979 F.2d 191, 193–94 (11th Cir.1992); *Law v. Ernst & Young*, 956 F.2d 364, 373–74 (1st Cir.1992).