**Clarence C. MOORE, Plaintiff,**

v.

**CHURCH HILL HOUSE/AGENT, and Winn Management, Defendant.**

No. 03–CV–165.

United States District Court,
E.D. Virginia,
Richmond Division.

June 18, 2003.

Clarence C. Moore, Richmond, VA, pro se.

John K. Burke, Jr., Troutman Sanders LLP, Richmond, VA, for Defendant.

### MEMORANDUM OPINION

HUDSON, District Judge.

This matter is before the Court on a) Defendants' Motion to Dismiss pursuant to Rules 8(a)(2), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure [hereinafter Rule(s)] and b) Plaintiff's Motion to Amend his Complaint.[1] All parties have filed their respective responses, and Defendants have requested that the motions be decided on the pleadings. The Court is of the opinion that oral argument is unnecessary as the motions can be decided on the pleadings. For the reasons stated below, the Court will dismiss Plaintiff's Complaint.

### I. BACKGROUND

Plaintiff, acting *pro se*, initiated this lawsuit by filing a "Motion for Judicial Review" ("Complaint") naming Church Hill House and Winn Management as Defendants. The Complaint appears to allege that the defendants illegally increased the rent on Plaintiff's home in violation of the Contracts Clause of the United States Constitution. Additionally, there is a loose allegation de-

---

1. Defendants have also filed a Motion for the Court to Abstain from Exercising Jurisdiction and to Dismiss. Based on the Court's decision on the other pending motions, this motion will be denied as moot.

scribing "infliction of intentional harm" without any further factual support.

Defendants argue that the Complaint should be dismissed pursuant to Rule 8(a)(2) because Plaintiff's rambling, incoherent pleading does not contain a short and plain statement of his claim showing his entitlement to relief. Additionally, Defendants urge the Court to dismiss Plaintiff's Complaint for failing to allege the elements of a claim for intentional infliction of emotional distress. The Complaint also fails to allege the elements of a Contracts Clause violation because Defendants are not government entities. That being the only arguable basis for federal jurisdiction, Defendants assert that this Court has no subject matter jurisdiction over Plaintiff's Complaint.

Plaintiff's response to Defendants' motion does not offer any legal authority or factual support to rebut Defendants' arguments. Rather, pursuant to Rule 15(a), Plaintiff filed a Motion to Amend his Complaint in which he seeks to add the Virginia Housing Development Authority ("VHDA") as a co-defendant and the United States Department of Housing and Urban Development ("HUD") as a co-plaintiff. Defendants oppose Plaintiff's amendment arguing that his Amended Complaint fails to cure any of the deficiencies found in the original, and leave to amend should therefore be denied.

## II. DISCUSSION

### A. Standard of Review

#### 1. Rule 8(a)(2)

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59, (1984)).

#### 2. Rule 12(b)(6)

A dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted should only be awarded when "it appears to a certainty that the nonmoving party cannot prove any set of facts in support of its claim that would entitle it to relief." *Sentara Va. Beach Gen. Hosp. v. LeBeau*, 182 F.Supp.2d 518, 520 (E.D.Va. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A court reviewing such a motion must accept the complaint's factual allegations as true and view the allegations in a light most favorable to the nonmoving party. *Id.* (quoting *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)). In ruling on a Rule 12(b)(6) motion, the Court can rely on the allegations in the complaint as well as those documents attached to the complaint as exhibits or incorporated therein by reference. *See Williamson v. Virginia First Savs. Bank*, 26 F.Supp.2d 798, 800 (E.D.Va.1998) (citing *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir.1985)).

#### 3. Rule 12(b)(1)

For a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "courts must 'assume[ ] all facts in the complaint are true, thus providing the plaintiff with the same procedural protections as a Rule 12(b)(6) determination.' " *Carter v. Arlington Pub. Sch. Sys.*, 82 F.Supp.2d 561, 564 (E.D.Va.2000) (quoting *Lane v. David P. Jacobson & Co.*, 880 F.Supp. 1091, 1094 (E.D.Va.1995)). However, on a 12(b)(1) motion, "unlike Rule 12(b)(6), courts may consider evidence outside of the complaint to resolve factual disputes concerning jurisdiction without converting the motion into one for summary judgment." *Id.*

#### 4. Rule 15

A party may amend his pleading once as a matter of course provided that no responsive pleading has been filed. Fed.R.Civ.P. 15(a). Once a responsive pleading has been filed, an amendment is permitted only with leave of court or the adverse party's consent. *Id.*

Leave to amend shall be freely given when justice so requires. *Id.* However, when a party attempts to add a futile amendment to a pleading, a Court does not abuse its discretion when it denies leave to amend. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Weill v. Dominion Resources,* 875 F.Supp. 331, 339–40 (E.D.Va.1994).

## B. Analysis

The Court finds Defendants' arguments to be persuasive. The only vaguely discernible claims contained in Plaintiff's Complaint concern his allegation that the defendants have been charging him too much rent. Plaintiff appears to allege that this over-charging is in violation of the Contracts Clause of the Constitution. *See* U.S. Const. art I, § 10. A true Contracts Clause violation requires state action. *See id.* Taking all factual allegations as true, Plaintiff fails to allege any state action, and Defendants are not in fact government entities. The Court is of the opinion that Plaintiff's Contracts Clause claim should therefore be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

To the extent that Plaintiff's Complaint contains any other claims, the Court lacks subject matter jurisdiction to decide those issues. Assuming all facts in the complaint as true, the only arguable basis for federal jurisdiction is the federal question regarding the Contracts Clause issue. With the dismissal of that portion of Plaintiff's claim, this Court no longer has subject matter jurisdiction over the remainder of Plaintiff's claims, and they will be dismissed pursuant to Rule 12(b)(1).

As for Plaintiff's Motion to Amend his Complaint, that motion will be denied. The amendments sought by Plaintiff are futile in that they do not address the deficiencies alleged by Defendants in their Motion to Dismiss. Even if Plaintiff could allege some form of state action by adding new parties to the lawsuit, Plaintiff's Amended Complaint, like the original, does not contain a short and plain statement of the claim showing that the plaintiff is entitled to relief.

## III. CONCLUSION

For the reasons already stated, the Court will grant Defendants' Motion to Dismiss based on Rules 12(b)(1) & 12(b)(6) of the Federal Rules of Civil Procedure. Additionally, the Court will deny Plaintiff's Motion to Amend his Complaint.

An appropriate order will accompany this opinion. The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record and all unrepresented parties.