Elizabeth G. WILSON, Individually, and as Personal Representative of the Estate of R.J. Wilson, Deceased, Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY, Defendant.

No. 1:06CV00576.

United States District Court, M.D. North Carolina.

Feb. 16, 2007.

Edward G. Connette, III, Norris A. Adams, II, Essex Richards, P.A., Charlotte, NC, for Plaintiff.

Katherine T. Lange, Womble Carlyle Sandridge & Rice, PLLC, Charlotte, NC, for Defendant.

### *JUDGMENT*

BEATY, District Judge.

On January 4, 2007, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. No objections were filed within the time limits prescribed by Section 636.

Therefore, the Court need not make a *de novo* review and the Magistrate Judge's Recommendation is hereby adopted.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss (docket no. 7) is granted, and that this action be, and the same hereby is, dismissed.

### *RECOMMENDATION OF MAGISTRATE JUDGE ELIASON*

ELIASON, United States Magistrate Judge.

This matter comes before the Court on Defendant's motion to dismiss Plaintiff's complaint. In this action, Plaintiff seeks insurance benefits pursuant to an employee welfare benefit plan (the "Plan") established by Freightliner, LLC ("Freightliner"). The first claim seeks benefits and is entitled, "Wrongful Denial of Benefits." In it, Plaintiff alleges that Defendant Aetna Life Insurance Company ("Aetna") breached its fiduciary duty to her. While there is a second claim, Plaintiff concedes that Defendant's motion to dismiss should be granted as to it. Therefore, the Court will only address the first claim. In so doing, the applicable legal standard dictates that the motion may not be granted unless it appears to a certainty that the

plaintiff would not be entitled to relief under any of the facts which could be proven to support the claim. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Because the Court must view the facts from a point most favorable to the plaintiff, it will simplify matters if the Court simply recites the facts which Plaintiff sets out in her brief, which defines her cause of action under the First Claim for Relief in the complaint. The brief states as follows:

R.J. Wilson died on August 24, 2004. His wife, the Plaintiff herein, qualified as personal representative of his estate, and is administering the estate in Rowan County, North Carolina. Prior to his death, R.J. Wilson was an employee of Freightliner, LLC. He was a covered beneficiary under a Group Life Insurance Plan, which was insured by Aetna. R.J. Wilson was entitled to basic life insurance with a death benefit of $60,000.00. He had named his wife, the Plaintiff in this action, as the beneficiary of this death benefit amount. In early 2004, Mr. Wilson became ill and was admitted into the hospital. He was diagnosed with a terminal illness and never returned to work.

As a result of his illness, Mr. Wilson's eligibility for benefits as an active Freightliner employee ended in late May, 2004. Under the terms of the Plan and Defendant's Policy, he was entitled to continued life insurance coverage through the payment of his own premiums. In June 2004, Plaintiff and Mr. Wilson received a letter from Defendant concerning conversion of benefits. Plaintiff called the Aetna telephone number given to her by Defendant and notified Defendant that she and Mr. Wilson wished to continue the life insurance benefits. Plaintiff was informed that the premium for the payment of the

benefits would be $3.89 per $1,000.00 in life insurance benefits, and that Defendant would send her the documents which would need to be completed in order for them to continue the coverage. Defendant failed to send any documents concerning Mr. Wilson's life insurance coverage.

R.J. Wilson died on August 24, 2004, and Plaintiff informed Defendant that he had passed away. Plaintiff was told by Defendant that her husband in fact had life insurance coverage in effect, and accordingly, Defendant requested the death certificate. Plaintiff sent R.J. Wilson's death certificate to Defendant. Some time later, Plaintiff received a telephone message, presumably from Defendant, that there was no life insurance coverage for her husband in effect, because there had been no premiums paid. Plaintiff pursued administrative remedies available to her under the Plan, but Defendant has refused to acknowledge coverage, and has refused to pay the $60,000.00 death benefit to Plaintiff.

(Pl.'s Mem. Opp'n Mot. Dismiss 1–3)

Defendant contends that Plaintiff fails to state a cause of action because she does not seek recovery based on the terms of the Plan or on an application of the Plan, but rather on extraneous acts which constitute a form of tort action called breach of fiduciary duty. Defendant is correct in so surmising this to be the basis of Plaintiff's complaint. In her brief, Plaintiff confirms the fact that the complaint is based on her contention that the Court should employ equitable principles in the form of equitable estoppel to impose liability on the Defendant insurer for a breach of a fiduciary duty. However, as will be explained, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.,* does not provide for this kind of relief against the fiduciary under the facts of this case.

First, although through ERISA Congress preempted state court remedies for disputes concerning employer benefit plans, it only replaced them with limited remedies under federal law. The reason for this has been explained in *LaRue v. DeWolff, Boberg & Associates, Inc.,* 450 F.3d 570, 572–573 (4th Cir.2006):

> In enacting ERISA, Congress sought to uniformly regulate the wide universe of employee benefit plans. *See Aetna Health Inc. v. Davila,* 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). A salient feature of this effort was the careful delineation of civil remedies available to litigants seeking to enforce their rights under such plans. *See id.* at 208–09, 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312. Congress broadly preempted previously available state-law causes of action, *see* 29 U.S.C. § 1144(a), and set forth in a single section of ERISA the exclusive list of civil actions available to parties aggrieved by a statutory violation, *see id.* § 1132(a); *see also Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 144, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

Section 1132(a) stops short of providing ERISA complainants with a full arsenal of relief. ERISA is "an enormously complex and detailed statute that resolve[s] innumerable disputes between powerful competing interests-not all in favor of potential plaintiffs." *Mertens v. Hewitt Assocs.,* 508 U.S. 248, 262, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993). Its civil enforcement provision in particular attempts to settle "a tension between the primary ERISA goal of benefiting employees and the subsidiary goal of containing pension costs." *Id.* at 262–63, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (internal quotation marks and alterations omitted). Congress has consequently made various "policy choices" resulting in "the inclusion of

certain remedies and the exclusion of others." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

Plaintiff contends that federal courts have allowed plaintiffs, such as her, to use equitable estoppel to recover under ERISA. Equitable estoppel has been employed in ERISA cases, but only in a most limited way, and for different situations. The law on equitable estoppel in the Fourth Circuit has been summarized by the court in *Graham v. Pactiv Corp. Benefits Committee,* 301 F.Supp.2d 483, 493 n. 17 (E.D.Va.2004), as follows:

> As an initial matter, the ERISA statute itself contains no equitable estoppel provisions. Although it "is a comprehensive and reticulated statute [that is] the product of a decade of congressional study of the Nation's private employee benefit systems," in enacting ERISA, Congress intended the courts to fill in any gaps in the statute by developing a federal common law of rights and obligations under ERISA-regulated plans. *Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 209, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002) (internal quotations and citations omitted); *see also Jenkins v. Montgomery Indus., Inc.,* 77 F.3d 740, 743 (4th Cir.1996) ("Congress intended courts to fill in the statute's gaps by developing a 'federal common law of rights and obligations under ERISA-regulated plans.' ") (*quoting Bruch,* 489 U.S. at 110, 109 S.Ct. 948, 103 L.Ed.2d 80). In other words, although it should be "reluctant" to do so, this Court may apply common law concepts (such as equitable estoppel) to fill in ERISA's gaps when the statute requires an "interstitial fix." *Rego v. Westvaco Corp.,* 319 F.3d 140, 148 (4th Cir.2003).

One of the cases employing equitable estoppel cited by the *Graham* court is *Sentara Va. Beach Gen. Hosp. v. LeBeau,* 182 F.Supp.2d 518 (E.D.Va.2002). In fact, that is the case relied upon by Plaintiff to support her claim that equitable estoppel could be applied in an ERISA case. However, a close reading of that case shows that equitable estoppel would not be appropriate to apply against the Plan or the fiduciary in this case. In *Sentara,* it was alleged that misrepresentations had been made concerning the status of health coverage. As a result, the plaintiff incurred health care costs which were then not reimbursed under the plan. The court in *Sentara* made it abundantly clear that the claim was against neither the plan nor the insurer. And, the motion to dismiss was denied only because the alleged misrepresentations about health insurance coverage were made by the employer, and the relief would be against the employer, as opposed to the Plan or the insurer. *Sentara,* 182 F.Supp.2d at 522. In the instant case, the breach of fiduciary duty allegation is made against the insurer, and recovery is sought against the insurer. To allow such a cause of action would be a vast expansion of liability under ERISA, an expansion which clearly could jeopardize the financial integrity of the Plan and/or the insurer. *See Coleman v. Nationwide Life Ins. Co.,* 969 F.2d 54, 61 (4th Cir.1992).

It is clear that ERISA does not cover this type of cause of action because of the relief sought. First, Plaintiff cannot be claiming an entitlement to benefits under the Plan pursuant to § 1132(a)(1) because, as noted above, her claim is based on breach of fiduciary duty. *Rego v. Westvaco,* 319 F.3d 140, 146–148 (4th Cir.2003). The Plan denied benefits because the policy lapsed due to non-payment. Thus, Plaintiff attempts to fashion a federal common law remedy based on misrepresentation or breach of a fiduciary duty, which she cannot do for the reasons previously noted. *See Id.*

In addition, under § 1132(a)(1), her claim is premised only on the fact that someone at the insurance company stated they would send documents, but did not. There is no indication that such a person acted as a manager, administrator or financial adviser, or exercised discretionary authority or control. *Adams v. The Brink's Co.*, 420 F.Supp.2d 523, 551–552 (W.D.Va.2006). As stated by that court:

[P]erforming administrative acts such as answering employees' inquiries or processing claim forms does not amount to discretionary functions, which would qualify a person as a fiduciary under ERISA. *See Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 455 (6th Cir.1991) (a claims processor who had only the power to pay out benefits according to the terms of the established plan was not an ERISA fiduciary); *Weeks v. West. Auto Supply Co.*, No. Civ. A. 7:02cv00724, 2003 WL 21510822 at *6–7, (W.D.Va. June 25, 2003) (performing ministerial, administrative functions such as providing written materials and answering questions are not exercising discretionary authority); *Hansen v. N. Trident Reg'l Hosp., Inc.*, 60 F.Supp.2d 523, 527–28 (D.S.C.1999) (handling the processing of benefit applications, claims and related paperwork were not discretionary functions); *see also Fitch v. Chase Manhattan Bank, N.A.*, 64 F.Supp.2d 212, 229 (W.D.N.Y.1999) (preparation and issuance of annual benefit statements not a fiduciary activity).

Moreover, in the instant case, there does not appear to be any misrepresentation or other inequitable conduct upon which to establish a claim of equitable estoppel. Here, the only claim for liability is based on non-action by someone at the insurance company who did not send forms.

Finally, to the extent Plaintiff seeks to proceed under § 1132(a)(2), she must show that the recovery will benefit the Plan as a whole and not the rights of a particular beneficiary. *LaRue*, 450 F.3d at 573. But, in this case, Plaintiff seeks an individual recovery. Nor may Plaintiff proceed under § 1132(a)(3) which provides for a remedy of injunction, mandamus, or restitution because she fails to show that she has entitlement to any specific property. *Id.* at 575. Rather, she presumably wants the fiduciary to grant her an award from the undifferentiated corpus of the fund. This, however, at its core seeks to base recovery on the personal liability of the fiduciary and is not available under § 1132(a)(3). *Id.* For the above reasons,

**IT IS RECOMMENDED** that Defendant's motion to dismiss (docket no. 7) be granted and that this action be dismissed.

Jan. 4, 2007.