**John ZISK, Plaintiff,**

**v.**

**GANNETT COMPANY INCOME PROTECTION PLAN, et al., Defendants.**

**Case No. 14–cv–00391–YGR**

United States District Court, N.D. California.

Signed November 6, 2014

**1116**

Richard Johnston, Attorney at Law, Santa Rosa, CA, for Plaintiff.

Aldo Emmanuel Ibarra, Nixon Peabody, Adrienne Clare Publicover, Laura E. Fannon, Wilson Elser Moskowitz Edelman & Dicker LLP, San Francisco, CA, David Andrew Kolek, Restoration Hardware, Corte Madera, CA, for Defendants.

**ORDER DENYING MOTION TO DISMISS SECOND CAUSE OF ACTION**

Re: Dkt. No. 19

YVONNE GONZALEZ ROGERS, United States District Judge

Plaintiff John Zisk ("Zisk") filed suit bringing two causes of action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA" or "the Act"), 29 U.S.C. § 1001 *et seq.* The first cause of action seeks to recover long-term disability ("LTD") benefits from the Gannett Company Income Protection Plan ("the Plan") pursuant to section 1132(a)(1)(B). The second cause of action is brought pursuant section 1132(a)(3) against Defendant Life Insurance Company of North America ("LINA") as the fiduciary that administers claims against the Plan. In this cause of action Zisk seeks to recover equitable relief in the form of an equitable surcharge on account of LINA's alleged breach of fiduciary duty and mishandling of his claim. With respect to this second cause of action, LINA has filed a Motion to Dismiss on the grounds that such a claim is not actionable against it and that the remedy Zisk seeks is unavailable as a matter of law.

Having carefully considered the papers submitted and the pleadings in this action, as well as the oral arguments of the parties at the October 14, 2014 hearing, and for the reasons set forth below, the Court finds that the plaintiff is not precluded from asserting his claim at this juncture and **DENIES** the Motion to Dismiss.

**I. SUMMARY OF ALLEGATIONS**

What follows is a summary of the allegations of Zisk's First Amended Complaint ("FAC"), which the Court accepts as true for purposes of this motion to dismiss. *See Diaz v. International Longshoremen's and Warehousemen's Union,* 474 F.3d 1202, 1205 (9th Cir.2007). The FAC alleges that Zisk was an employee of Gannett Company and participated in the Plan. (FAC ¶ 2.) Zisk suffers from symptoms of metastatic cancer and the treatment he has undergone for that condition. The condition rendered him disabled and eligible for LTD benefits according to the terms of the Plan. (FAC ¶ 3.)

Zisk alleges that when he claimed disability in May 2000, the Plan approved his claim and began paying him LTD benefits. (FAC ¶¶ 4, 5.) In July 2012, LINA, acting

as claim fiduciary, terminated Zisk's benefits on the stated ground that LINA had not been provided with updated medical records. LINA advised Zisk that his continued satisfaction of the Plan's definition of disability could not be established and that benefits would be terminated. (FAC ¶ 5.) Zisk alleges that in fact LINA did have the information necessary to establish his disability, but nevertheless withheld benefits. (FAC ¶¶ 5-8.) Zisk appealed the termination of benefits on March 13, 2013, pointing out that LINA had the information it needed to contact his providers for additional medical information. (FAC ¶ 9.) On June 14, 2013, LINA advised Zisk its attempts to secure updated medical information from his providers had been unsuccessful. Zisk alleges he subsequently sent LINA updated medical records himself, but his benefits were still not reinstated. (FAC ¶¶ 11, 12.)

On June 13, 2014, Zisk filed the instant action. In his claim for breach of fiduciary duty against LINA, Zisk alleges that LINA breached its fiduciary duties by: (1) providing misleading information about the status of his claim and its attempts to secure information from his medical providers; and (2) failing to investigate, fully and adequately, the facts and circumstances surrounding its determination to terminate his benefits, including the information already in its possession. As a consequence of the alleged breaches, Zisk seeks "other appropriate equitable relief" under 29 U.S.C. section 1132(a)(3) in the form an equitable surcharge to make him whole for his losses occasioned by that breach. More particularly, Zisk alleges that he seeks, as an equitable surcharge remedy: (i) attorneys' fees incurred in connection with the administrative appeal; (ii) penalties and interest that plaintiff in-

curred when he used his retirement account funds in lieu of disability benefits; (iii) losses incurred from the sale of assets as a source of funds; (iv) losses incurred when plaintiff's home was burglarized because plaintiff could not afford to maintain alarm and security services for his home because of the termination of his benefits; and (v) such other and further relief as the Court may deem proper. (FAC ¶ 20.)

## II. ANALYSIS

LINA challenges the second claim for relief under Section 1132(a)(3) on several grounds. The Court considers each in turn.

### A. Individual Action for Breach of Fiduciary Duty Under Section 1132(a)(3)

First, LINA argues that under Ninth Circuit authority a breach of fiduciary duty action premised upon the alleged mishandling of a claim for benefits is not cognizable, relying principally on *Ford v. MCI Comm. Corp. Health & Welfare Plan,* 399 F.3d 1076 (9th Cir.2005). Under a closer reading, however, the Court finds that proffered authorities do not preclude such a claim as a matter of law.

The main thrust of the *Ford* court's decision was that no claim could be stated against a **claim** administrator for breach of fiduciary duty, but instead a claim could only be made against a plan administrator or the plan itself. This holding was expressly overruled by the Ninth Circuit in *Cyr v. Reliance Standard Life Ins. Co.,* 642 F.3d 1202 (9th Cir.2011). Also, the portion of the *Ford* opinion cited by LINA analyzed the viability of an individual mishandling claim under 29 U.S.C. section 1132(a)*(2)*, which is not at issue in this action. *Ford,* 399 F.3d at 1082.[1]

---

1. With respect to a claim under 1132(a)(2), the *Ford* court rejected relief because section 1132(a)(2) only authorizes relief for violations

of section 1109, a portion of the Act concern-

By contrast, Supreme Court and Ninth Circuit authorities have both authorized a claim under section 1132(a)*(3)* for a fiduciary's improper handling of an individual benefit claim in violation of its fiduciary duties. *See Varity Corp. v. Howe,* 516 U.S. 489, 510–11, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) ("subsection (3) . . . [is] broad enough to cover individual relief for breach of a fiduciary obligation" including determination of entitlement to benefits); *Paulsen v. CNF Inc.,* 559 F.3d 1061, 1075 (9th Cir.2009) ("[u]nlike 29 U.S.C. § 1132(a)(2), which requires that relief sought must be on behalf of the entire plan, the Supreme Court has held that a participant or beneficiary has standing pursuant to section 1132(a)(3) to seek individual recovery in the form of "appropriate equitable relief," citing *Varity* ); *Peralta v. Hispanic Bus., Inc.,* 419 F.3d 1064, 1075 (9th Cir.2005) ("[i]ndividual substantive relief under ERISA is available where an employer actively and deliberately misleads its employees to their detriment"); *see also CIGNA Corp. v. Amara,* 563 U.S. 421, 131 S.Ct. 1866, 1881–82, 179 L.Ed.2d 843 (2011), ("[t]o obtain relief by surcharge for violations of §§ 102(a) and 104(b) [under section 1132(a)(3) ], a plan participant or beneficiary must show that the violation injured *him or her* ") (emphasis supplied). In *Varity,* the Supreme Court held the individual claimants, though foreclosed from seeking individual remedies under section 1132(a)*(2),* and unable to show they had benefits due them under section 1132(a)*(1)(B),* could nevertheless proceed under 1132(a)*(3)* for other appropriate, individual equitable relief. *Id.* at 515, 116 S.Ct. 1065.[2] In so holding, *Varity* rejected the idea that section 1132(a)(3) remedies were only to benefit the plan, not individuals.

In sum, the Court's review of the controlling authorities here does not support dismissal as a matter of law of a claim under section 1132(a)(3) for individual relief on account of a breach of fiduciary duties by a claims administrator such as LINA.

## B. Consistency of Claims for Relief Under Both Section 1132(a)(1)(B) and Section 1132(a)(3)

LINA next contends that Zisk has an adequate remedy under section 1132(a)(1)(B), rendering "other equitable relief" under section 1132(a)(3) unavailable as a matter of law. A claim for relief under section (a)(1)(B) does not automatically preclude a claim under section (a)(3), particularly at the pleading stage. Courts of this district have found that (a)(3) claims remain viable even when an (a)(1)(B) claim is asserted, particularly where the relief sought in connection with each claim is distinct. *Cf. Sconiers v. First Unum Life Ins. Co.,* 830 F.Supp.2d 772, 777 (N.D.Cal. 2011) (WHA) (section 1132(a)(3) claim for reformation and section 1132(a)(1)(B) claim for benefits could both proceed because equitable relief was based on a separate theory, affirmative misrepresentations about plaintiff's claim); *Echague v. Metro. Life Ins. Co.,* 12–CV–00640–WHO, 43 F.Supp.3d 994, 1013–14, 2014 WL 2089331, at *12 (N.D.Cal. May 19, 2014) (claim under section 1132(a)(3) is not foreclosed by claim under 1132(a)(1)(B), though relief sought was similar). *Caplan v. CNA Short Term Disability Plan,* 479 F.Supp.2d 1108, 1113 (N.D.Cal.2007) (dis-

---

ing the relationship between the fiduciary and the employee benefit plan *as a whole. Id.*

**2.** Consequently, LINA's citations to *Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134,

148, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) and *Sokol v. Bernstein,* 803 F.2d 532 (9th Cir.1986) as limiting relief under section 1132(a)(3) to relief inuring to the benefit of the plan only are both unavailing.

missing section 1132(a)(3) claim to the extent duplicative, but denying dismissal insofar as other equitable relief might not be available under 1132(a)(1)(13)); *Brady v. United of Omaha Life Ins. Co.,* 902 F.Supp.2d 1274, 1279–1285 (N.D.Cal.2012) (granting motion to dismiss Section 1132(a)(3) claims seeking equitable relief duplicative of forms of relief available under plaintiff's other claims).

■ As alleged here, Zisk's claim under section 1132(a)(3) seeks remedies against LINA only. The remedies sought are distinct from the unpaid benefits alleged in connection with his claim against the Plan under section 1132(a)(1)(13). (*Compare* FAC at ¶¶ 15–16 *with* ¶¶ 18–21.) Dismissal on these grounds is not warranted.

### C. Availability of Equitable Surcharge Remedy Under Section 1132(a)(3)

Lastly, LINA argues that extracontractual monetary compensation or "equitable surcharge," as sought here by Zisk, is not available as a remedy for an alleged breach of fiduciary duty under section 1132(a)(3). Specifically, LINA argues that the recent Ninth Circuit decision in *Gabriel v. Alaska Electrical Pension Fund,* 755 F.3d 647 (9th Cir.2014), interpreting the Supreme Court's holding in *Amara,* precludes Zisk's equitable surcharge claim. The Court finds that the state of the law in this area is unsettled as to the proper contours of an equitable surcharge remedy.

■ In *Amara,* the Supreme Court outlined three types of equitable remedies available under section 1132(a)(3): (1) reformation; (2) estoppel; and (3) surcharge; the latter of which Zisk seeks here. *Amara,* 131 S.Ct. at 1879–80. In discussing the surcharge remedy, *Amara* clarified that equitable relief for a breach of fiduciary duty can take the form of a money payment, noting that "[e]quity courts pos-

sessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Amara,* 131 S.Ct. at 1880 (citing RESTATEMENT (THIRD) OF TRUSTS § 95, and Comment *a* (Tent. Draft No. 5, Mar. 2, 2009)). "Indeed, prior to the merger of law and equity this kind of monetary remedy against a trustee, sometimes called a 'surcharge,' was 'exclusively equitable.'" *Id.* (citing *Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 464, 59 S.Ct. 275, 83 L.Ed. 285 (1939) and RESTATEMENT (THIRD) OF TRUSTS § 95, and Comment *a.*)

Subsequent to *Amara,* the Ninth Circuit held that a trustee or fiduciary that breaches its duties could be liable to compensate an individual beneficiary in an amount that "will put the beneficiary *in the position he or she would have attained but for the trustee's breach.*" *Skinner v. Northrop Grumman Ret. Plan B,* 673 F.3d 1162, 1167 (9th Cir.2012) (emphasis supplied). In order to be entitled to such relief, the beneficiary must show that it suffered a harm caused by the fiduciary's breach of duty. *Id.* In reviewing a grant of summary judgment in favor of a fiduciary, the Ninth Circuit in *Skinner* found no proof of a harm giving rise to a right to compensatory relief, since the claimants offered no evidence that they were injured due to a change in their positions or reliance on inaccurate plan documents. *Id.*

Most recently, the Ninth Circuit in *Gabriel* held that an equitable surcharge remedy is only available to make the trust whole, *not* to make an individual beneficiary whole for his losses. *Gabriel,* 755 F.3d at 659. The *Gabriel* court held that no surcharge remedy could be awarded except in cases of unjust enrichment of the fiduciary at the expense of the trust, or to

recoup losses to the trust estate. *Id.* at 660.

As a preliminary matter, the *Gabriel* decision is not final, given that a petition for rehearing *en banc* is pending. Reliance on *Gabriel* as a basis to dismiss the complaint at its outset risks the improper preclusion, or at least significant delay in prosecution, of an otherwise viable claim for recovery of lost disability benefits. *See, e.g., Carver v. Lehman,* 558 F.3d 869, 879 & n.6 (9th Cir.2009) ("No opinion of this circuit becomes final until the mandate issues," and reliance on a non-final decision is a "gamble"); *United States v. Ruiz,* 935 F.2d 1033 (9th Cir.1991) (while petition for rehearing was pending, decision "was not yet fixed as settled Ninth Circuit law").

Leaving aside the question of whether the Ninth Circuit will take up the *Gabriel* panel's opinion for review *en banc,* and what decision it might make if it does, this Court is left with the task of harmonizing the Ninth Circuit's holdings in *Skinner* and *Gabriel* with the Supreme Court's holdings in *Amara.* The Supreme Court in *Amara* endorsed the surcharge remedy as one available under section 1132(a)(3) on the principle that equity courts traditionally ordered that the "trust *or beneficiary* [be] made whole following a trustee's breach of trust." *Amara,* 131 S.Ct. at 1881 (emphasis added). "In such instances equity courts would 'mold the relief to protect the rights of the *beneficiary* according to the situation involved.'" *Id.* (*quoting* George Gleason Bogert, *et. al.,* THE LAW OF TRUSTS AND TRUSTEES § 861 at

4, emphasis added). In *Skinner,* the Ninth Circuit rejected compensatory damages to the beneficiaries as a surcharge remedy because the beneficiary plaintiffs did not establish reliance, not because such a remedy was limited to liability to the trust. *Skinner,* 673 F.3d at 1167. Indeed, the comments to the portion of the *Restatement* (Third) of Trusts cited by *Skinner* (and *Gabriel*) note that a fiduciary of the trust may be liable to "make the trust *and its beneficiaries* whole ..." including an allocation of "some or all of the surcharged amount directly to one or more of the beneficiaries." RESTATEMENT (THIRD) OF TRUSTS § 100 (2012) at Comments *a* and *a(2)* (emphasis supplied) [3]; *cf. Skinner,* 673 F.3d at 1167; *Gabriel,* 755 F.3d at 660.

Four other circuits have held that *Amara* opens the door to monetary relief under a surcharge theory that will make a beneficiary whole for losses caused by a breach of fiduciary duty. *See McCravy v. Metro. Life Ins. Co.,* 690 F.3d 176, 180–81 (4th Cir.2012) (plaintiff permitted to seek as surcharge the amount of life insurance proceeds lost because of breach under section 1132(a)(3), rather than being limited to premium refund under section 1132(a)(1)(B)); *Gearlds v. Entergy Svc., Inc.,* 709 F.3d 448, 452 (5th Cir.2013) (plaintiff could seek surcharge relief to be "made whole in the form of compensation for lost benefits"); *Kenseth v. Dean Health Plan, Inc.,* 722 F.3d 869, 883 (7th Cir.2013) (plaintiff could seek "make-whole money damages as an equitable remedy under section 1132(a)(3)" for losses caused

---

**3.** This section reads:

A trustee who commits a breach of trust is chargeable with

(a) the amount required to restore the values of the trust estate *and trust distributions* to what they would have been if the portion of the trust affected by the breach had been properly administered; or

(b) the amount of any benefit to the trustee personally as a result of the breach.

RESTATEMENT (THIRD) OF TRUSTS § 100 (emphasis supplied). This language indicates that a trustee or fiduciary who has breached its duty must not only pay those monies necessary to restore what was taken from the trust estate, but must also pay those monies to necessary to put the beneficiaries of trust distributions in the position they would have had but for the breach.

by fiduciary's provision of false coverage information" which led to a "stack of medical bills" from undergoing a procedure not paid for by her insurance); *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 725 (8th Cir. 2014) (plaintiff could seek make whole relief in the form of payment of benefits owed under the plan as remedy under section 1132(a)(3)). The Fourth Circuit in *McCravy* addressed the propriety of an equitable remedy where an insurance plan participant brought an action against the administrator that denied her benefits. *McCravy*, 690 F.3d 176, 180. As the Fourth Circuit noted:

> ...with *Amara*, the Supreme Court clarified that remedies beyond mere premium refunds—including the surcharge and equitable estoppel remedies at issue here—are indeed available to ERISA plaintiffs suing fiduciaries under Section 1132(a)(3). This makes sense— otherwise, the stifled state of the law interpreting Section 1132(a)(3) would encourage abuse by fiduciaries. Indeed, fiduciaries would have every incentive to wrongfully accept premiums, even if they had no idea as to whether coverage existed—or even if they affirmatively knew that it did not. The biggest risk fiduciaries would face would be the return of their illgotten gains, and even this risk would only materialize in the (likely small) subset of circumstances where plan participants actually needed the benefits for which they had paid....
> With *Amara*, the Supreme Court has put these perverse incentives to rest and paved the way for [plaintiffs] to seek a remedy beyond mere premium refund.

*McCravy*, 690 F.3d at 182–83. The *McCravy* decision echoes the Supreme Court's earlier opinion in *Varity*, which held that "ERISA's basic purposes favor a reading of the *third* subsection [section 1132(a)(3) ] that provides the plaintiffs with a remedy ... it is hard to imagine why Congress would want to immunize breach-es of fiduciary obligation that harm individuals by denying injured beneficiaries a remedy." *Varity*, 516 U.S. 489, 513, 116 S.Ct. 1065, 134 L.Ed.2d 130.

■ Given the weight of the Supreme Court and other authority, and the uncertainty surrounding the *Gabriel* decision, the Court is not prepared to grant dismissal of a section 1132(a)(3) claim at this stage. Zisk has alleged harm as a consequence of breaches of fiduciary duty by LINA. He alleges LINA breached its fiduciary duties when it: (i) offered untrue reasons for terminating his benefits; (ii) failed to convey facts and circumstances regarding his benefit claims to him accurately and adequately; (iii) failed to investigate adequately; and (iv) made false representations in connection with its refusal to reinstate his benefits. (FAC ¶¶ 7–12.) Zisk alleges that he incurred consequential financial losses as a direct and proximate result of those breaches. (FAC ¶¶ 18–20.) The claim is not duplicative of his first claim against Gannett. At the pleading stage, Zisk's allegations are sufficient to state a causal connection between the alleged breaches of fiduciary duty and the injuries he claims to have sustained. In the absence of clear authority barring an equitable surcharge remedy under these circumstances, and in light of the Supreme Court and persuasive circuit court authority to the contrary, the Court will permit Zisk's claim for an equitable surcharge to remedy a breach of a fiduciary duty to proceed. The Court does not reach the particulars of what may and may not be compensated through equitable surcharge, as that inquiry is not properly before the Court at this time.

Consequently, the motion to dismiss on these grounds is denied.

### III. CONCLUSION

Accordingly, the Motion to Dismiss is **DENIED**. Defendant LINA shall file its

answer to the second cause of action in Zisk's FAC no later than November 21, 2014.

This terminates Docket No. 19.

IT IS SO ORDERED.