Kirk E. DEL PRETE, Plaintiff,

v.

**MAGELLAN BEHAVIORAL HEALTH, INC., et al., Defendants.**

Case No. 14–cv–05538–EDL

United States District Court, N.D. California.

Signed June 24, 2015

Richard Johnston, Attorney at Law, Santa Rosa, CA, for Plaintiff.

Reginald David Steer, Akin Gump Strauss Hauer & Feld LLP, San Francisco, CA, Elise Dale Klein, Lewis Brisbois Bisgaard & Smith LLP, Los Angeles, CA, Clarissa A. Kang, Alyssa Ohanian, Trucker Huss, San Francisco, CA, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

ELIZABETH D. LAPORTE, United States Magistrate Judge

## I. INTRODUCTION

This case is brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 ("ERISA") by Plaintiff Kirk Del Prete against Defendants Comcast Comprehensive Health and Welfare Benefits Plan (the "Plan"), Independence Blue Cross ("Blue Cross"), Magellan Behavioral Health, Inc. ("Magellan"), AllMed Healthcare Management, Inc. ("AllMed") and Skip Freedman, M.D. ("Freedman") (collectively, "Defendants"). Plaintiff seeks to recover benefits he was denied for substance abuse treatment pursuant to 29 U.S.C. § 1132(a)(1)(B) and to recover attorney fees and costs pursuant to 29 U.S.C. § 1132(g). Plaintiff also seeks an injunction pursuant to 29 U.SC. § 1132(a)(3) prohibiting Defendants Blue Cross and Magellan from continuing to engage Defendants AllMed and Freedman as independent medical reviewers, prohibiting Defendants AllMed and Freedman from continuing to serve as independent medical reviewers and attorney fees and costs pursuant to 29 U.S.C. § 1132(g). Complaint at 13–14.

Defendant Magellan has moved to dismiss Plaintiff's second cause of action. For the reasons set forth below, Defendant Magellan's motion is **DENIED** in part and **GRANTED** in part with leave to amend.

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges that, through his spouse, he is a qualified beneficiary of Defendant Comcast's Comprehensive Health and Welfare Benefits Plan, an employee benefit plan as defined by 29 U.S.C. § 1002(3).

Plaintiff received health insurance benefits under the Plan through Defendant Blue Cross. Defendant Magellan "served as claims fiduciary for Mental Health and Substance Abuse Benefits" under the Plan. Complaint ¶ 3.

Plaintiff alleges that Defendant AllMed "holds itself out as ... an impartial Independent Review Organization." Defendant Freedman "is a physician who owns AllMed and ... personally performs medical reviews on behalf of AllMed.... Pursuant to law and through a contractual relationship with Magellan, AllMed exercised significant and essentially unfettered discretion in issuing determinations on disputed benefit claims under the Plan; as described by Magellan its 'decision is final and binding,' and according to AllMed itself its 'determination will be final and binding on your health plan, and if we reverse their denial, they will provide the service you have requested.' AllMed's duties under law and its Magellan contract, and Dr. Freedman's duties in connection with his medical-review activities, were such that their 'final and binding' determinations involved, to a significant degree, plan interpretation and judgment." Complaint ¶ 4.

Plaintiff alleges that, in September 2012, he "suffered from chronic alcoholism and depression" and was admitted to a residential inpatient chemical dependency program called Serenity Knolls. At the time he was admitted, Blue Cross and Comcast confirmed coverage and preauthorized his treatment. Complaint ¶ 6, 7.

In February 2013, Defendant Magellan wrote Plaintiff and told him that his treatment did not meet a number of the "requirements" of "2012 Magellan Medical Necessity Criteria for Residential Treatment, Substance Abuse Disorders...." Defendant Magellan informed Plaintiff that it was "unable to authorize" his residential treatment. Complaint ¶ 10. Plaintiff alleges that his treatment at Serenity Knolls did, however, meet these requirements. Complaint ¶ 11.

Plaintiff alleges that in July 2013, he appealed Defendant Magellan's adverse benefit determination. Complaint ¶ 13. In August 2013, Defendant Magellan improperly denied Plaintiff's appeal. ¶ 14. In September 2013, Plaintiff timely requested an external review of Defendant Magellan's benefit denial decision. Complaint ¶ 16. Magellan forwarded this request to Defendant AllMed and AllMed informed Plaintiff that it "will perform an independent review of your case by a doctor who practices in the same specialty as your doctor." Complaint ¶ 17.

Plaintiff alleges that, in fact, the claim was reviewed by Defendant Freedman who "did not have the same specialty as [Plaintiff's] physician; rather he had been an emergency room physician—not an addiction-medicine specialist—when he had been a practicing physician. Freedman, on behalf of AllMed, denied Plaintiff's appeal. Freedman's explanation for denying the appeal "contained biased and erroneous conclusions" and was in bad faith. Complaint ¶ 18.

Plaintiff alleges that "Magellan contracted with AllMed and Dr. Freedman to provide IRO [Independent Review Organization] services despite public records, in the form of judicial decisions, indicating AllMed in general and Dr. Freedman in particular rendered medical opinions in a biased and shoddy manner." Complaint ¶ 19. In these judicial decisions, courts commented that Defendant Freedman had reached conclusions "arguably based on questionable grounds," and that Freedman's "extrapolation from [physician] notes" was "not clearly supported by the record." Complaint ¶ 19.

In May 2013, Plaintiff was readmitted to Serenity Knolls, and his benefits were

again improperly denied. Plaintiff again appealed this decision and his appeal was denied by Defendant Magellan. Complaint ¶¶ 20–23.

## III. PROCEDURAL HISTORY

Plaintiff alleges that he has "exhausted all administrative remedies under the plan" and on December 18, 2014, filed the Complaint. All parties consented to proceeding before a magistrate judge.

On April 10, 2015, Defendant Magellan filed a Motion to Dismiss the Second Cause of Action of Plaintiff's Complaint under Rule 12(b)(6). On April 24, 2015, Plaintiff filed an opposition and on May 1, 2015, Defendant Magellan filed a reply. The matter was heard on May 26, 2015.

## IV. DISCUSSION

### A. Legal Standard

A complaint will survive a motion to dismiss if it contains "sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir.2008).

A court need not, however, accept as true the complaint's "legal conclusions." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679, 129 S.Ct. 1937. Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*

### B. Defendant Magellan's Status as an ERISA Fiduciary

Defendant Magellan contends that Plaintiff's Second Cause of Action must be dismissed because Plaintiff has failed to state facts sufficient to establish that it was a fiduciary under ERISA against whom relief may be granted. Plaintiff responds that Defendant Magellan was a fiduciary not only in its capacity as a claims administrator, but that it also operated as a fiduciary when it selected AllMed as an Independent Review Organization ("IRO"). He further argues that because Defendant Magellan chose an IRO, AllMed, that performed "biased and shoddy" work, Magellan breached this fiduciary duty.

In *Hecht v. Summerlin Life & Health Ins. Co.,* 536 F.Supp.2d 1236, 1242–43 (D.Nev.2008), the court explained that: "A person is an ERISA fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. 29 U.S.C. § 1002(21)(A). 'ERISA's definition of "fiduciary" is functional rather than formal.' *Parker v. Bain,* 68 F.3d 1131, 1139 (9th Cir.1995). A person's actions determine whether he is a fiduciary, even if the plan documents do not assign fiduciary duties to the person. *Id.* at 1140 ('Thus, if Parker in fact exercised any discretionary authority over Plan assets, then he was a fiduciary, regardless whether the Plan itself named him as such.'); *Acosta v. Pacific Enters.,* 950 F.2d 611, 617–18 (9th Cir.

1991) (stating the statutory language 'makes clear that a person's actions, not the official designation of his role, determine whether he enjoys fiduciary status.').")

■ In *Hecht,* the court held that the defendant's fiduciary status was sufficiently established by an allegation in the complaint that the defendant "made the decision denying [Plaintiff's] eligibility for benefits...." *Hecht v. Summerlin Life & Health Ins. Co.,* 536 F.Supp.2d at 1243 ("person with the authority to grant or deny claims, or to review the denial of claims, for benefits under the relevant ERISA plan is a fiduciary"). Here, Plaintiff has alleged that, in its capacity as a claims administrator for Blue Cross's mental health benefits, Defendant Magellan was an ERISA fiduciary and that when it denied Plaintiff's claim, it breached its fiduciary duty. These allegations are sufficient to establish that Magellan is a fiduciary with respect to its role in granting or denying claims.

However, Plaintiff's Second Cause of Action alleges that Defendant Magellan breached its fiduciary duty not by denying his claim, but by engaging AllMed and Freedman to perform independent medical reviews. Defendant Magellan argues that when it contracted with AllMed and Freedman to perform independent medical reviews, it was not acting as a fiduciary but, rather, was performing a ministerial act.

■ While Magellan is correct that an entity may be a fiduciary under ERISA for some purposes and not for others, *see Pegram v. Herdrich,* 530 U.S. 211, 225, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000) (ERISA trustee "may wear different hats"), it is also the case that where, as here, an entity is responsible for appointing a fiduciary, then that entity is subject to ERISA fiduciary duties when it makes the appointment decision. In *Johnson v. Couturier,*

572 F.3d 1067, 1076 (9th Cir.2009) the court acknowledged that "[w]e have ... recognized that where members of an employer's board of directors have responsibility for the appointment and removal of ERISA trustees, those directors are themselves subject to ERISA fiduciary duties, albeit only with respect to trustee selection and retention. *Batchelor v. Oak Hill Med. Group,* 870 F.2d 1446, 1448–49 (9th Cir. 1989)." *See also Leigh v. Engle,* 727 F.2d 113, 133 (7th Cir.1984) (corporate director and parent corporation were "fiduciaries to the extent that they performed fiduciary functions in selecting and retaining plan administrators.")

Defendant Magellan, nonetheless maintains that because the Plan was required under federal law to engage an external review provider, it did not act as a fiduciary when it contracted with AllMed to perform this function but was simply engaging in a ministerial act. In support of this argument, Defendant Magellan cites *Kyle Railways, Inc. v. Pac. Admin. Servs., Inc.,* 990 F.2d 513 (9th Cir.1993). In *Kyle,* however, the plan administrator was a non-fiduciary because it was bound by an "express[ ] require[ment] ... to refer all discretionary questions regarding the payment of claims to [the plaintiff] for final decision." In addition, the Plaintiff "retaine[d] ... full responsibility for all claims under the Plan." *Id.* at 516. Here, in contrast, the Complaint alleges that Defendant Magellan operated independently in choosing AllMed as an external review provider.

### C. AllMed's Status as an ERISA Fiduciary

■ The Complaint must also allege facts sufficient to establish that, in its role as an independent claim reviewer, Defendant AllMed was itself an ERISA fiduciary. The Complaint does so. The Complaint alleges that "[p]ursuant to law and through a contractual relationship with

Magellan, AllMed exercised significant and essentially unfettered discretion in issuing determinations on disputed benefit claims under the Plan; as described by Magellan, its 'decision is final and binding,' and according to AllMed itself its 'determination will be final and binding on your health plan, and if we reverse their denial, they will provide the service you have requested.' AllMed's duties under law and its Magellan contract, and Dr. Freedman's duties in connection with his medical-review activities, were such that their 'final and binding' determinations involved, to a significant degree, plan interpretation and judgment." Complaint ¶ 4. As earlier noted, "[a] person with the authority to grant or deny claims, or to review the denial of claims, for benefits under the relevant ERISA plan is a fiduciary." *Hecht v. Summerlin Life & Health Ins. Co.*, 536 F.Supp.2d at 1243. Thus, when Defendant Magellan contracted with AllMed to perform as a fiduciary, Magellan was itself performing a fiduciary function.[1]

Citing 29 C.F.R. § 2560.503(1)(K)(2)(ii), which "sets forth minimum requirements for employee benefit plan procedures pertaining to claims for benefits by participants and beneficiaries," Defendant Magellan asserts that "IROs and their reviewers are not ERISA fiduciaries" because they "do not have to follow ERISA's "full and fair review" requirement. However, this section involves state law preemption of ERISA's minimum claims procedures requirements and

provides that "a State law regulating insurance shall not be considered to prevent the application of a requirement of this section merely because such State law establishes a review procedure to evaluate and resolve disputes involving adverse benefit determinations under group health plans so long as the review procedure is conducted by a person or entity other than the insurer, the plan, plan fiduciaries, the employer, or any employee or agent of any of the foregoing. The State law procedures described in paragraph (k)(2)(i) of this section are not part of the full and fair review required by section 503 of the Act. Claimants therefore need not exhaust such State law procedures prior to bringing suit under section 502(a) of the Act." This section is inapplicable to the issues before the Court.

Of more relevance is 29 C.F.R. 2560.503–1, which repeatedly refers to an independent reviewer such as AllMed as a "fiduciary." For example, 29 C.F.R. § 2560.503–1(h)(3)(ii), anticipates that a proper independent review is one that provides for "a review that does not afford deference to the initial adverse benefit determination and that is conducted by an appropriate named fiduciary of the plan who is neither the individual who made the adverse benefit determination that is the subject of the appeal, nor the subordinate of such individual...."

The cases on which Defendant Magellan relies do not support its argument. *Pe-*

---

[1]. Defendant Magellan also cites a number of cases that stand for the general proposition that fiduciary liability does not attach to business decisions, such as contracting with drug manufacturers, *Sengpiel v. B.F. Goodrich Co.*, 156 F.3d 660, 666 (6th Cir.1998), general contract negotiations, *Marks v. Independence Blue Cross*, 71 F.Supp.2d 432, 436 (E.D.Pa. 1999), negotiating pharmacy discounts, *Moeckel v. Caremark, Inc.*, 622 F.Supp.2d 663, 677–678 (M.D.Tenn.2007), and negotiating

hospital rates, *Deluca v. Blue Cross Blue Shield of Michigan*, 628 F.3d 743, 747 (6th Cir.2010). This argument misses the point, however. The Complaint alleges that Magellan contracted with AllMed to perform a fiduciary function, namely to undertake the independent review of claims. In the cases that Defendant Magellan cites, in contrast, the "business decisions" did not involve fiduciary functions.

*gram,* 530 U.S. 211, 120 S.Ct. 2143, does not involve the independent claims review process conducted by AllMed. *Harlick v. Blue Shield of California,* 686 F.3d 699, 716–19 (9th Cir.2012) addressed a situation in which the California Department of Managed Health Care conducted an independent medical review of a plan's refusal to cover care based on a determination that the care was not medically necessary, pursuant to a specific California statute: California Health & Safety Code § 1374.30(b), (d). *Harlick* did not discuss an independent medical review conducted pursuant to ERISA. *Colleton Reg. Hosp. v. MRS Med. Review Sys., Inc.,* 866 F.Supp. 896 (D.S.C.1994) involved a nonfiduciary utilization review company rather than, as here, an independent medical reviewer operating in a fiduciary capacity. Finally, *Bailey v. Chevron Corp. Omnibus Health Plan,* 2014 WL 2219216 (C.D.Cal. May 7, 2014) does not stand for the proposition that AllMed is not a fiduciary because the terms of the Plan are not binding on it. *Bailey* merely holds that when there is a conflict between a plan's claims procedures and those provided for in "29 C.F.R. § 2560.503–1(c), the claims procedure is not considered reasonable" and "pursuant to 29 C.F.R. § 2560.503–1(1), '[i]n the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act....'" *Bailey,* 2014 WL 2219216 at * 2.

In sum, Defendant Magellan makes no persuasive argument that it and AllMed were not fiduciaries in this context.

## D. Duplication of Claims

■ Defendant Magellan argues that an alternate ground for dismissal of the Second Cause of Action is that it is duplicative of the claims Plaintiff makes in the First Cause of Action. Magellan contends that the claim for relief under 29 U.S.C. § 1132(a)(1)(B), namely for monetary recovery of ERISA benefits due, encompasses Plaintiff's claim for relief under 29 U.S.C. § 1132(a)(3) for an injunction against engaging Defendants AllMed and Freedman to conduct any further independent medical reviews. Plaintiff responds that, in fact, the two are not identical in that they seek different forms of relief and are premised on different theories.

In *Zisk v. Gannett Company Income Prot. Plan,* 73 F.Supp.3d 1115, 1118–20, 2014 WL 5794652, *3 (N.D.Cal. Nov. 6, 2014), the plaintiff sought monetary recovery under 29 U.S.C. 1132(a)(1)(b) for the denial of ERISA benefits. The plaintiff also sought equitable relief for the claims administrator's breach of its fiduciary duties in "(1) providing misleading information about the status of his claim and its attempts to secure information from his medical providers; and (2) failing to investigate, fully and adequately, the facts and circumstances surrounding its determination to terminate his benefits, including the information already in its possession." The plaintiff sought "'other appropriate equitable relief' under 29 U.S.C. section 1132(a)(3) in the form an equitable surcharge to make him whole for his losses occasioned by that breach. More particularly, [plaintiff] alleges that he seeks, as an equitable surcharge remedy: (i) attorneys' fees incurred in connection with the administrative appeal; (ii) penalties and interest that plaintiff incurred when he used his retirement account funds in lieu of disability benefits; (iii) losses incurred from the sale of assets as a source of funds; (iv) losses incurred when plaintiff's home was burglarized because plaintiff

could not afford to maintain alarm and security services for his home because of the termination of his benefits; and (v) such other and further relief as the Court may deem proper." The *Zisk* court held that the plaintiff's claim for equitable relief was distinct from its claim for payment of benefits. *Zisk v. Gannett Company Income Prot. Plan*, 73 F.Supp.3d 1115, 1116–17, 2014 WL 5794652, at *1 (N.D.Cal. Nov. 6, 2014); *see also Sconiers v. First Unum Life Ins. Co.*, 830 F.Supp.2d 772, 778 (N.D.Cal.2011) (equitable relief sought under 29 U.S.C. § 1132(a)(3) distinct from claim under § 1132(a)(1)(B) because based on different theory), *Echague v. Metropolitan Life Ins. Co.*, 43 F.Supp.3d 994, 1013–14 (N.D.Cal.2014).

Similarly, here, Plaintiff's First Cause of Action seeks recovery of ERISA benefits. The Second Cause of Action, in contrast, seeks an injunction against the use of Defendants AllMed and Freedman as independent medical reviewers. The two claims seek different relief under different theories and, therefore, may be allowed to proceed.

The cases that Defendant Magellan cites do not suggest otherwise. As Magellan acknowledges, each of them involves situations where, in fact, the relief sought under section 1132(a)(3)'s "catchall' provision was duplicative of that provided for elsewhere. *See Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir.2000), *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir.2004), *Wise v. Verizon Communs., Inc.*, 600 F.3d 1180, 1190 (9th Cir.2010), *Brady v. United of Omaha Life Ins. Co.*, 902 F.Supp.2d 1274, 1285–1286 (N.D.Cal.2012), *Wit v. United Behavioral Health,* 2014 WL 6626894 (N.D.Cal. Nov. 20, 2014), and *N.Y. State Psychiatric Ass'n v. UnitedHealth Group*, 980 F.Supp.2d 527, 540 (S.D.N.Y.2013).

1. Ron Davis, acting warden of the California

Plaintiff does, however, agree that its breach of fiduciary duty claim is "more properly based on 29 U.S.C. § 1132(a)(2)," which permits removal of an ERISA fiduciary and thus is more specifically geared toward the relief Plaintiff seeks, rather than 29 U.S.C. § 1132(a)(3), which provides more broadly and generally for equitable relief. *See Varity Corp. v. Howe*, 516 U.S. 489, 515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) (§ 1132(a)(3) offers "catchall" remedy, which acts as a "safety net"). Accordingly, Defendant Magellan's Motion to Dismiss on this ground is **GRANTED** without prejudice. Plaintiff may amend his Complaint to specify the nature of the relief he seeks under the Second Cause of Action.

## V. CONCLUSION

Defendant Magellan's Motion to Dismiss is **DENIED** in part and **GRANTED** in part. Plaintiff is given leave to amend his Complaint to specify the relief he seeks under the Second Cause of Action.

**IT IS SO ORDERED.**

